Frank A. Gulotta, J.
This controversy is submitted on an agreed statement of facts.
The plaintiff seeks a declaratory judgment putting it into possession of a private residence jointly with defendant Mary Lee, who is the wife of the other defendant, Herbert Bussell Lee.
Title to the premises was taken by the two defendants as tenants by the entirety on January 6, 1954. The house and lot has a market value of $18,000 and is encumbered by a first mortgage on which the balance is about $5,000.
A judgment in the sum of $330.05 was recovered by one Frank Nat ale against defendant Herbert Bussell Lee in the District Court, Nassau County, on January 16, 1956, and a transcript filed in the County Clerk’s office on March 21,1956.
On January 11, 1966, just five (5) days before the automatic lien of the judgment was about to expire, the judgment creditor delivered to the Sheriff of Nassau County an execution and on the same date a notice of levy against this property was filed in the County Clerk’s office.
Pursuant to the execution, a Sheriff’s sale of Herbert Bussell Lee’s interest in the property was held on April 12,1966, and was bid in by the present plaintiff for $197.25. A deed was later delivered to it and same has been recorded.
The sale, of course, is subject to the wife’s right of survival, but the reverse is also true, so that should the husband survive the wife and this sale stand, the plaintiff will have come into a present equity of $13,000 for the paltry sum of $197.25. In addition, in the meantime, the plaintiff would be entitled to one half of the net value of occupancy and this might go on for many years. Most extraordinary of all, on the stipulated facts, the judgment creditor still has a balance due him on the $330 judgment with interest for 10 years.
The attack upon the legality of the sale is highly technical, but in my opinion has a great deal of merit. The fact that the CPLB, different from its predecessor Civil Practice Act, gives a debtor no right of redemption, makes it even more imperative that this sale be strictly scrutinized especially where it has *36 resulted in the inequity which we have here. The expectations of the revisers of the Civil Practice Act that abolishing the right of redemption would result in bringing about fairer judicial sales and the realization of a price closer to the full value of the property (see discussion, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac. par. 5236.02) seems not to have been fulfilled in this case.
I do not agree with the defendant’s contention that the Sheriff’s sale was bad because he had nothing to sell when the lien expired, since the Sheriff was not selling the lien, but the property, or rather Herbert Bussell Lee’s interest in the property, and the judgment is good and enforcible against defendant’s property for 20 years (see CPLR 211, subd. [b]) although as an automatic lien it is good for only 10 years (CPLR 5203). Neither is the argument based on the possibility of lack of notice to bona fide purchasers sound, since in the instant case we are not dealing with an outside purchaser, and secondly, the recorded notice of levy would alert such a person in any event.
The vice of this sale is that the judgment creditor did not follow the directions of the statute tailored to deal with this precise situation, i.e. a situation where the execution is issued too close to the deadline to permit a sale before the lien expires. CPLR 5236 requires publication of at least eight weeks’ notice of sale.
However, CPLR 5203 (subd. [b]) reads as follows: “ Extension of lien. Upon motion of the judgment creditor, upon notice to the judgment debtor, served personally or by registered or certified mail, return receipt requested, to the last known address of the judgment debtor, the court may order that the lien of a money judgment upon real property be effective after the expiration of ten years from the filing of the judgment-roll, for a period no longer than the time during which the judgment creditor was stayed from enforcing the judgment, or the time necessary to complete advertisement and sale of real property m, accordance with section 5236, pursuant to an execution delivered to a sheriff prior to the expiration of ten years from the filing of the judgment-roll.” (Emphasis supplied.) It will be observed that the emphasized clause in the above fits plaintiff’s case perfectly. Plaintiff procured no extension.
CPLR 5235 permits the filing of a “notice of levy” only after the expiration of 10 years from the filing of the judgment roll and hence is no authority for filing one before the lien expires, as was done here. Thus there is no statutory authority to warrant the practice followed by the judgment creditor herein. In fact the statutory scheme is quite the opposite and consequently the sale was invalid.
*37 Of course, the judgment creditor may still pursue his remedies, but the defendant will on a new sale at least have an opportunity to protect his interest more effectually than he has in the past. It follows that the plaintiff is entitled to the return of the purchase price from the Sheriff, who is in turn entitled to recover it from the judgment creditor.
It should be noted that the in this case contains an order extending the time for a sale under CPLR. 5203 (subd. [b]), but the order itself refers to an entirely different judgment, although it has the same file number as this case.
The complaint is dismissed and the defendant granted judgment on the counterclaim canceling the Sheriff’s deed of record.