■ CONCORD LANDSCAPERS, INC. (SHEILA BLACKMAN, Assignee), Appellant, v. HARRY PINCUS et al., Respondents.— In an action which resulted in the entry of a money judgment against defendants on April 18, 1968, in the District Court of the County of Nassau, First District, the substituted plaintiff (assignee of the original plaintiff) appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated January 19, 1972, which affirmed (one Justice dissenting) an order of said District Court, dated December 29, 1970, granting defendants' motion to (1) set aside an execution upon the judgment dated June 17, 1970, (2) enjoin further proceedings upon the execution and (3) enjoin the Sheriff of Nassau County from selling defendants' real property at public auction. Orders of the Appellate Term and the District Court reversed, without costs, and defendants' motion denied. In our opinion, the District Court erred in holding that plaintiff's intent and purpose in bringing enforcement proceedings on the judgment, if such proceedings were necessary, were a violation of section 489 of the Judiciary Law. That section provides in pertinent part: "No person * * * engaged directly or indirectly in the business of collection and adjustment of claims * * * shall * * * buy or take an assignment of * * * a * * * thing in action * * * with the intent and for the purpose of bringing an action or proceeding thereon". It has been consistently held that section 489 prohibits the purchase of a judgment by one engaged in the business of collection and adjustment of claims if the purpose thereof is to commence an action or special proceeding thereon (see CPLR 103) and does not prohibit such a purchase for the purpose of enforcing the judgment's collection or pursuing its lien, as for example, by execution or other devices for the enforcement of judgments under CPLR 5201 *et seq.* (*Fay* v. *Hebbard*, 42 Hun 490, 492; *Moses* v. *McDivitt*, 88 N. Y. 62, 65; *Fairchild Hiller Corp.* v. *McDonnell Douglas Corp.*, 28 N Y 2d 325; *Roslyn Sav. Bank* v. *Jones*, 69 Misc 2d 733, 739–741; *People* v. *Berlin*, 65 Misc 2d 245, 66 Misc 2d 1034). Accordingly, the orders must be reversed and defendants' motion denied. We reach this result with great reluctance since we note with much concern that this case, and many others of a similar nature, involve aspects of a serious problem arising out of the tremendous growth of the suburban areas of Nassau and Suffolk Counties. Many people have bought homes there beyond their financial means. They have incurred debts in trying to meet the high cost of living in suburbia and have subjected their homes to possible sale pursuant to levy and execution in payment of unsatisfied judgments. These homeowners' plights have worsened due to the fact that the CPLR abolished the

right of redemption which had existed under prior law. The result has been described by Professor David D. Siegel in a Supplementary Practice Commentary on the 1969 amendments to CPLR 5236 which were designed to protect the judgment debtor (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 5101–6000, Cumulative Annual Pocket Part) : "It seems quite apparent that the levy of execution against the real property (more particularly the residences) of small debtors is taking place in situations in which the debtors have been misled by high pressure sales tactics into entering the transaction (which gave rise to the judgment) in the first place, and in which *assignees* of the sales creditors are frequently the ones who take the steps (sometimes unknown to the original assignors) to sell (on levy of execution) the debtor's residence. This often occurs when the debtor's equity in his home is substantial. By the use of technically valid legal steps, and the sale for which CPLR 5236 provides, the debtor's home is sold at public auction for but a fraction of its worth. The result is a serious miscarriage of justice which has apparently reached high proportions in some parts of the state. The geographical area from which this writer has heard the complaint most often is Long Island (Suffolk and more particularly Nassau counties)." (See, too, the discussion of Mr. Justice Lynde in *Lee* v. *Community Capital Corp., 67 Misc 2d 699, 701–702.) While certain devices are available at present to protect the abused judgment debtor in this situation (see Siegel, *supra,* under the heading "Presently Available Devices to Protect the Abused Judgment Debtor"; *Lee* v. *Community Capital Corp., supra,* p. 702), their effectiveness may be thwarted by the "victim's * * * lack of sophistication and diligence in utilizing the aid of counsel" (*Lee* v. *Community Capital Corp., supra,* p. 702). However, it is for the Legislature to alleviate the situation by appropriate action, including but not limited to appropriate amendments to section 489 of the Judiciary Law and to CPLR 5236, which deals with the sale of a judgment debtor's realty. (See Siegel, *supra,* under the above-mentioned heading ["Presently Available Devices," etc.] ; *Lee* v. *Community Capital Corp., supra,* p. 703.) Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.