■ NAT LEVINE et al., Respondents, v. MILTON BERLIN et al., Appellants, et al., Defendant.— In an action, *inter alia,* (1) to vacate a default judgment against plaintiff Nat Levine, (2) to cancel the defendant Sheriff's deed issued upon an execution sale of said plaintiff's interest in certain real property and (3) to rescind the sale, defendants Milton Berlin and Midas Collections, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated June 11, 1974, as, on reargument, again denied their motion to dismiss each of the three causes of action set forth in the complaint on the grounds of the Statute of Limitations and failure to state a cause of action (CPLR 3211, subd. [a], pars. 5, 7). Order reversed insofar as appealed from, on the law, without costs, and motion to dismiss each cause of action granted. Plaintiffs commenced this action on or about April 19, 1973, seeking, *inter alia,* (1) to vacate a default judgment entered against plaintiff Nat Levine on January 24, 1968, which was thereafter assigned to defendant Midas Collections, Inc., on January 23, 1969, and (2) to cancel the defendant Sheriff's deed, dated on or about April 28, 1969, which was issued to defendant Midas upon the execution sale of Levine's interest in the marital residence shared by plaintiffs. The original judgment-creditor was not made a party to the action and, insofar as the record indicates, was not notified of the pendency of the action. The procedure for relief from a default judgment is prescribed in CPLR 317, 5015 (subd. [a]). Each of these statutes envisions the making of a motion in the original action by the aggrieved party. In the absence of certain elements neither pleaded nor present at bar, such a motion is the only proper procedure; a plenary action for such relief will not lie (*Tomasello Bros.* v. *Friedman,* 57 Misc 2d 817, affd. 32 A D 2d 652). We have, however, reviewed the allegations of the complaint in this respect and hold that such a motion, had it been made, would have had to be denied. In order to obtain relief from a default judgment, an aggrieved party should

move in the court which granted the judgment, within one year after receiving notice of its entry, upon notice to the original parties, and offer in support of his request both a valid excuse for his default and a statement of merits sufficient to establish that he possesses a good defense to the action (CPLR 317, 5015, subd. [a]; *National Commercial Bank & Trust Co.* v. *Ross,* 40 A D 2d 1046; *Bridger* v. *Donaldson,* 34 A D 2d 628). The relief sought herein was requested, for the first time, five years after the entry of the judgment, without notification to the original parties and without making them parties to this action. The only excuse offered for the default is that Levine had been unable to retain legal counsel to defend the original suit against him. That is insufficient to excuse what was otherwise a willful default. The only statement as to the merits made by plaintiffs is the conclusory allegation in their verified complaint that there is a meritorious defense to the action in which the judgment was entered. No elaboration on this point appears in any other paper before this court. This bald conclusory statement cannot support the granting of the relief requested. We note that, while we are mindful of the fact that the one-year time limitation contained in both of the statutes hereinabove cited is not necessarily a Statute of Limitations, and that the courts are free, within the sound exercise of their discretion, to extend this time period and grant such relief on motions made after the expiration of one year, we find no reason presented herein to extend this act of grace to plaintiffs. With respect to seeking relief from the Sheriff's deed, plaintiffs also rely on CPLR 5240, which permits a protective order to be granted as to "any enforcement procedure". By the very wording of this statute, such an order may be granted only upon motion. Therefore it may not be sought in a plenary action subsequent to the completion of the enforcement procedure (see CPLR 3104, which establishes the procedure to be followed and which is incorporated by specific reference into CPLR 5240). We find no basis in this statute to support the granting of the relief which plaintiffs seek in this action. In their complaint plaintiffs allege, *inter alia,* that (1) Nat Levine was not personally served with notice of the sale and (2) the consideration paid for his interest in the subject property was inadequate. The former claim is cognizable through a motion made pursuant to CPLR 2003 within one year after the sale. Plaintiffs have chosen an improper vehicle for the raising of such a claim and have raised it, for the first time, four years after the consummation of the sale and the execution of the Sheriff's deed. The latter claim, as plaintiffs have admitted before this court, will not in and of itself suffice as a reason to invalidate and set aside a valid execution sale (*Matter of Superintendent of Banks,* 207 N. Y. 11, 16). Martuscello, Acting P. J., Latham, Cohalan and Brennan, JJ., concur; Benjamin, J., concurs in the reversal as to the first cause of action and the dismissal of that cause, but otherwise dissents and votes to affirm as to the second and third causes of action, with the following memorandum: On their face, the second and third causes of action are sufficient and present questions of fact for a trial.