L. Kingsley Smith, J.
The within motion to vacate the stay heretofore granted herein is disposed of as follows.
Heretofore and by order dated September 17, 1974, this court stayed Grid Realty Corp., the successful bidder at a Sheriff’s sale, from transferring or encumbering the premises so conveyed to it and further enjoined the attorney for the judgment creditor from disposing of the net proceeds realized therefrom. On consent, the restrictive terms of that order were continued by the judgment entered declaring Frederick Bachner to be a conservatee. Prior to the Sheriff’s sale title to the realty in issue was vested in Frederick Bachner. The purpose of the stay was to afford his conservator time to inquire into the circumstances surrounding the sale and if appropriate to institute such proceedings as might be necessary to preserve the rights and interests of his ward. No such proceeding has been brought although the conservator, by opposing affidavit, seeks affirmative relief. Historically, it appears that Gertrude Bachner obtained a judgment against *108 her husband, Frederick Bachner, in the amount of $7,205.62. This judgment was predicated upon arrears for support arising out of the parties’ matrimonial litigation. Thereafter, an application to vacate this judgment was denied (Lazer, J., Feb. 13, 1974) and on August 6, 1974 a Sheriffs sale was held at which Grid Realty Corp. was the high bidder. The conservator acknowledges that Mr. Bachner was represented by counsel upon the application to set aside the judgment as well as in subsequent negotiations up to the date of sale. It is further acknowledged that investigation reveals no basis to question the propriety surrounding the entry of judgment or the regularity of the subsequent levy and sale. Rather, that which is now questioned is the discrepancy between the market value of the premises sold and the amount realized by the sale. Grid Realty Corp., as successful bidder, paid a total of $7,100 for the premises which were encumbered by a mortgage lien of approximately $10,800. An appraisal obtained by the conservator finds the reasonable value of the premises to be $42,500. It is thus seen that the purchaser at the sale has paid approximately 41% of market value. It is upon this apparent inequity that the conservator now seeks court intervention and an order directing the resale of the premises by reference. Under the circumstances herein presented, the court is constrained to deny the application of the conservator and grant the motion to vacate the stay.
It has recently been held that relief from a sheriffs deed upon the authority of CPLR 5240 is properly the subject of a motion within the action wherein judgment was rendered (Levine v Berlin, 46 AD2d 902). As hereinbefore noted, a motion to vacate that judgment was brought on and denied. Further, the regularity of all prior proceedings remains undisputed. Factually, what then remains is a sale carried out according to law which unfortunately failed to realize the judgment debtor’s full equity. The claim that a valid judgment sale resulted in the payment of less than fair market value does not provide legal cause to invalidate the proceedings. (Levine v Berlin, supra; see, also, Concord Landscapers v Pincus, 41 AD2d 759.) The authority relied upon by the conservator (Wandschneider v Bekeny, 75 Misc 2d 32) is not to the contrary. There, the court exercised its equitable jurisdiction where the purchaser at the sheriffs sale was the holder of the judgment, a circumstance where a judgment debtor may be "entitled to a credit against the judgment for the *109 difference between the sale price and the fair and reasonable market value” (p 40). Here, it is to be remembered that the purchaser at the sale was a stranger to both the judgment and the proceedings relative to its enforcement.
The further motion by Grid Realty Corp. to remove the conservatee from possession is denied upon it appearing that the conservatee is no longer in possession thereof.