■ GUARDIAN LOAN COMPANY, INC., Plaintiff, v BERNARD G. EARLY et al., Respondents, and MILTON BERLIN, Appellant.—Appeal by Milton Berlin from an order of the Supreme Court, Suffolk County, dated December 6, 1977, which granted the defendants' motion to set aside a Sheriff's sale of certain property on condition that defendants repay the purchase price within 30 days after entry of the order, or 60 days after any stay of the order was vacated. Order affirmed, with $50 costs and disbursements. CPLR 5240 permits the Supreme Court to supervise the enforcement of judgments in order to avoid unnecessarily harsh results. Where the price paid amounted to less than 10% of the defendants' equity in the premises, *and* defendants made a good faith effort to satisfy the judgment prior to the sale and moved promptly to set aside the sale, Special Term properly exercised its discretion when it granted the motion on condition that the purchaser be repaid. (Cf. *Lee v Community Capital Corp.,* 67 Misc 2d 699; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5240:2, pp 452-453; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5240.02.) Mollen, P. J., Latham, Suozzi and Cohalan, JJ., concur; Gulotta, J., dissents and votes to reverse the order and deny the motion, with the following memorandum: In my opinion, CPLR 5240 authorizes the Supreme Court to exercise its general equitable powers to deny, limit, condition, regulate, extend or modify the *use* of any enforcement procedure, but not, as the majority now holds, to set aside a valid Sheriff's sale and deed after the fact (see *Murphy v Grid Realty Corp.,* 73 Misc 2d 1071, 1072-1073; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5240:2 [wherein doubt is expressed as to the applicability of this section after completion of a valid judicial sale]; cf. CPLR 5237; but see *Lee v Community Capital Corp.,* 67 Misc 2d 699). CPLR 5240, which is patterned after CPLR 3101, was clearly intended to empower the courts to prevent unreasonable annoyance and abuse in the enforcement of judgments *(Cook v H. R. H. Constr. Corp.,* 32 AD2d 806, 807; Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR 5240:1, p 451), but I perceive nothing therein purporting to give the court continuing jurisdiction to regulate the "use" of such enforcement procedures in the manner attempted at bar, i.e., by vacating a completed Sheriff's sale to a third party, based upon a valid judgment and after the deed has already passed (cf. *Wandschneider v Bekeny,* 75 Misc 2d 32). As was noted by Mr. Justice Velsor in *Murphy v Grid Realty Corp. (supra,* p 1073), it is apparent that the applicability of CPLR 5240 to a situation such as the instant one, in view of the "at any time" provision contained in the section, would "wreak havoc among the title insurance companies of the State of New York and would make it virtually impossible for the purchaser at an execution sale to obtain insurance with respect to the title acquired thereat. If it were the intention of the Legislature that the court should be empowered to vacate a proper execution sale for equitable reasons, it should have made an explicit provision to that effect in the

statute and should have provided for a time limit with respect to an application for such relief as it did with respect to CPLR 2003." It was the manifest intention of the revisers of the Civil Practice Act, when drafting the CPLR, to better insure the stability of titles acquired through judicial sales in the hopes of bringing about fairer prices. It was for this reason that the right of redemption incorporated in the Civil Practice Act was omitted from CPLR article 52 (see 6 Weinstein-Korn-Miller, NY Civ Prac, par 5236.02; see, also, *Community Capital Corp. v Lee,* 58 Misc 2d 34, 35-36). Although the success of this change and purported remedy may now be disputed (see *Concord Landscapers v Pincus,* 41 AD2d 759), it is for the Legislature to alleviate the situation by appropriate action. The courts can and should subject all judicial sales to painstaking scrutiny in order to insure strict statutory compliance. However, once the statute has been complied with, the sale completed and the deed delivered, we only exacerbate the situation by vacating an otherwise valid sale to third parties based upon board equitable principles. The consequent loss of stability which would result therefrom can only operate to further depress bid prices to the prejudice of debtors generally. I note in passing that the recent amendment of CPLR 5206 (subd [a]), which increased the "homestead" exemption from $2,000 to $10,000 (L 1977, ch 181, § 1), should reduce the number of executions against family residences in the future (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5240:2). Today, as in the past, the mere inadequacy of price continues to be an insufficient ground upon which to set aside a Sheriff's sale *(Levine v Berlin,* 46 AD2d 902, 903; *Matter of Bachner,* 82 Misc 2d 107).