■ DONNA HORVATH, Respondent, v GRID REALTY CORP., Appellant, et al., Respondent.—Appeal by Grid Realty Corp. from an order of the Supreme Court, Nassau County, dated November 30, 1977, as resettled by a further order of the same court, dated February 2, 1978, which set aside a Sheriff's sale and conveyance of certain premises and directed it to execute and deliver a deed reconveying the premises to petitioner, provided that petitioner refund to it all sums received with respect to the purchase price and all sums paid on account of the mortgage and real estate taxes. Order, as resettled, affirmed, without costs or disbursements. A default judgment entered against petitioner was vacated pursuant to CPLR 5015 (subd [b]). The Sheriff's sale from which petitioner sought relief was based upon that default judgment. Since said judgment was vacated, Special Term properly set aside the Sheriff's sale (see CPLR 5015, subd [a], par 5; subd [c]; CPLR 5240). Mollen, P. J., Latham, Suozzi and Cohalan, JJ., concur; Gulotta, J., concurs in the result, with the following memorandum: Upon vacatur of the underlying default judgment pursuant to CPLR 5015 (subd [b]), Special

Term became vested with the discretionary authority, upon an appropriate motion, to "direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal" (CPLR 5015, subd [c]; see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.17a; cf. *Levine v Berlin,* 46 AD2d 902). The order appealed from may thus be sustained as a valid exercise of the court's discretionary power under the circumstances of this particular case. In a more appropriate case, however, it should be noted that a court might deny restitution "where the title of a purchaser in good faith and for value would be affected [and] may [instead] order the value of the purchase price restored or deposited in court" (CPLR 5523; see *Revelone, Inc. v Arlind Realty Corp.,* 274 App Div 656, affd 299 NY 667; cf. CPLR 5237). This case differs from *Guardian Loan Co. v Early* (64 AD2d 689) in which I dissented, in that the instant application is cognizable under CPLR 5015 (subds [b], [c]), which provide a proper basis for the relief requested and the resultant exercise of the court's discretion. My concurrence rests solely upon this basis.