(September 8, 1986)

■ DAVID ALLEN et al., Appellants, v ELLEN PRESTON, Respondent.—In an action to recover damages, *inter alia,* for breach of a warranty of habitability, the plaintiff tenants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Cerrato, J.), entered March 28, 1985, which, *inter alia,* denied in part, their motion for the distribution of certain surety bond moneys in partial satisfaction of a default judgment of the same court (Gurahian, J.), dated August 19, 1983, against the defendant Ellen Preston, individually and as the receiver of certain real property, and granted the defendant receiver's cross motion to vacate the default judgment.

Order affirmed, insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff tenants' contentions on this appeal, we cannot conclude, under the circumstances of this case, that Special Term abused its discretion in vacating the default judgment even though more than one year had passed since the defendant receiver's attorney was served with notice of its entry. As we previously stated, the one-year limitation period set forth in CPLR 5015 (a) (1) is not necessarily a Statute of

Limitations *(Levine v Berlin,* 46 AD2d 902, 903). In the sound exercise of their discretion, the courts are free "to extend this time period and grant such relief on motions made after the expiration of one year" *(Levine v Berlin, supra,* at p 903). Also, in the furtherance of justice and the policy of determining actions on the merits, there exists an inherent power of the courts not limited by this statute to relieve an aggrieved party from a judgment entered upon his default *(see, Michaud v Loblaws, Inc.,* 36 AD2d 1013; *Rawson v Austin,* 49 AD2d 803).

The record indicates that the defendant receiver presented a reasonable excuse for the delay and a meritorious defense to the action should be fully explored at trial.

In concluding that Special Term properly exercised its discretion, we note that the court properly considered the effect of the defendant receiver's delay upon the plaintiff tenants by directing that the defendant receiver pay to the plaintiffs "$500, to cover, in part, the expenses incurred in taking the default". The court further protected the plaintiffs' interests by providing that "[t]he judgment previously entered shall stand as security". Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.