■ In the Matter of JOHN E. QUIGGLE, Appellant, v PATRICIA QUIGGLE, Respondent.—Order unanimously modified on the law and as modified affirmed with costs to respondent and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Family Court properly declined to modify the award for maintenance because of an insufficient showing of a change in circumstances. We agree also that Family Court had no jurisdiction to vacate the judgments entered in Supreme Court for arrears in maintenance. Upon referral, Family Court does have jurisdiction to modify orders of support granted by Supreme Court (NY Const, art VI, § 13 [c]). A judgment for arrears in support, however, is not subject to modification. If petitioner can show that he has paid the judgments, his proper remedy is to request satisfaction pieces from the judgment creditor and, if the judgment creditor refuses the request, to bring a motion under CPLR 5021 in the court in which the judgments were entered *(see,* CPLR 5021 [a] [2]).

Family Court, however, had no power to refer to Supreme Court the issue whether the judgments had been satisfied. We modify the order appealed from, therefore, by deleting the provision for referral to Supreme Court and we remit the matter to Supreme Court for a determination pursuant to CPLR 5021 (a) (2). (Appeal from order of Onondaga County

Family Court, McLaughlin, J.—modify divorce decree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.