■ NATIONAL BANK OF NEW YORK CITY, Respondent, v ESI GROUP, INC., et al., Defendants, and POCO INDUSTRIES, LTD., et al., Appellants. [607 NYS2d 394] —In an action to recover upon a series of promissory notes and personal guarantees, the defendants Poco Industries, Ltd., and Jeffrey K. Endervelt appeal from an order of the Supreme Court, Queens County (Nahman, J.), dated June 18, 1991, which denied their motion, *inter alia*, to direct the plaintiff to execute and file a partial satisfaction of judgment, denied their separate motion for the imposition of sanctions and to vacate a restraining notice dated September 27, 1990, served upon a garnishee, LVI Group, Inc., granted the plaintiff's motion to direct that certain funds, held by the garnishee, be turned over to it, and granted the plaintiff's separate motion for an award of attorneys' fees and disbursements.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the appellants' motion which was to direct the plaintiff to execute and file a partial satisfaction of judgment, and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof which denied that branch of the appellants' motion which was to vacate the restraining notice dated September 27, 1990, and substituting therefor a provision granting that branch of the motion, and the restraining notice dated September 27, 1990, is vacated, and (3) deleting the provision thereof granting the plaintiff's motion to direct that certain funds, held by the garnishee, be turned over to it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the appellants, and the matter is remitted to the Supreme Court, Queens County, for entry of a partial satisfaction of judgment in an

amount to be determined by the Supreme Court, Queens County.

The plaintiff National Bank of New York City (hereinafter the bank) made a number of loans to the four corporate defendants, i.e., ESI Group, Inc., Polly Bergen Jewelry, Inc., Polly Bergen Shoes, Inc., and Poco Industries, Inc., and the two individuals who control them, Jeffrey Endervelt and his wife, Polly Bergen. Endervelt guaranteed the loans to ESI Group, Inc., and Poco Industries, Ltd. Subsequently, the defendants defaulted, and the bank brought an action to recover the balance due in addition to interest plus attorneys' fees. On September 7, 1988, the Supreme Court, Queens County (Levine, J.), awarded the bank summary judgment against the defendants, and that judgment was affirmed by this Court on November 19, 1990 (see, National Bank v ESI Group, 167 AD2d 453).

Upon the award of judgment to the bank, it pursued enforcement of the notes and guarantees. On September 29, 1988, the bank served a restraining notice on LVI Group, Inc. (hereinafter LVI), Endervelt's former employer, purporting to restrain his monthly compensation of $17,836.77 that was due him pursuant to a consulting services agreement. By letters dated April 21, 1989, and April 25, 1989, Endervelt authorized LVI to pay the restrained compensation to the bank and further authorized LVI to continue paying over to the bank the monthly compensation otherwise due him in order to satisfy the judgment. On June 4, 1990, Endervelt revoked his authorization when, by his calculation, the balance he owed on the judgment totalled approximately $5,000. In July 1990 the appellants moved in the Supreme Court, Queens County, to compel the bank to file a partial satisfaction of the judgment and to vacate the 1988 restraining notice. The bank opposed, contending, inter alia, that over $100,000 of the judgment remained unpaid, served a second restraining order dated September 27, 1990, on LVI without leave of the court, and moved to compel LVI to turn over all funds held by it pursuant to the restraining notice, and for attorneys' fees. The Supreme Court denied the appellants' motion and granted the bank's motion.

We find that the court erred in denying that branch of the motion which was to compel the bank to file a partial satisfaction of judgment. Pursuant to CPLR 5020 (a): "When a person entitled to enforce a judgment receives satisfaction or *partial satisfaction* of the judgment, he shall execute and file with the proper clerk pursuant to subdivision (a) of section 5021, a

satisfaction-piece or *partial satisfaction-piece* acknowledged in the form required to entitle a deed to be recorded, which shall set forth the book and page where the judgment is docketed" (emphasis added).

Moreover, where, as here, the judgment creditor wrongfully refuses to issue a partial satisfaction:

"The clerk of the court in which the judgment was entered * * * shall make an entry of the satisfaction or *partial satisfaction* on the docket of the judgment upon * * *

"the order of the court, made upon motion with such notice to other persons as the court may require, when the judgment has been wholly or *partially satisfied* but the judgment debtor cannot furnish the clerk with a satisfaction-piece or *partial satisfaction-piece*" (CPLR 5021 [a] [2]; [emphasis added]).

Since it is undisputed that the bank has successfully collected an amount of money toward the judgment, the appellants are entitled to a partial satisfaction-piece in that amount *(see generally,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5020.01, 5020.03, 5020.05, 5021.05; *Matter of Quiggle v Quiggle,* 144 AD2d 1011; *Conticommodity Servs. v Haltmier,* 67 AD2d 480, 482).

Furthermore, we find that the bank improperly applied approximately $71,000 of the funds that it had received from LVI pursuant to the original restraining notice to debts not covered by the judgment that the bank was seeking to enforce. There is nothing in the language of the notes or guarantee being enforced, or in the language of Endervelt's letters authorizing LVI to direct the payments to the bank, which could be construed as expressly authorizing the bank to apply the money to nonjudgment debts. The restraining notice was issued to enforce a specific judgment *(see,* CPLR 5222), and Endervelt's authorizations were referable solely to that particular judgment. Thus, the moneys collected should have been applied to satisfy that judgment.

Similarly, we find that the order of attachment was erroneously granted by the Supreme Court. That order was apparently premised on the bank's assertions that over $100,000 remained unpaid on the judgment. However, in view of our determination that the bank improperly applied the money it collected pursuant to the judgment to the satisfaction of nonjudgment debts, it is clear that those assertions were without foundation. Since there was, therefore, no basis for the issuance of the order of attachment, it, too, must be vacated.

We also find that the Supreme Court erred in failing to vacate the plaintiff's restraining notice dated September 27, 1990, served on the garnishee, and in directing LVI to turn over funds to the bank. It is well settled that the law limits the effectiveness of a restraining notice to one year (CPLR 5222 [b]) unless extended by court order (CPLR 5222 [c]). In the case at bar, the original restraining notice was served upon the garnishee on September 29, 1988, and expired one year thereafter. Without leave of the court, the plaintiff served a second restraining notice upon the same garnishee on September 27, 1990. Accordingly, the bank's service of a second restraining notice upon the same garnishee with respect to the same judgment without leave of the court was a violation of CPLR 5222 (c). Moreover, since the bank's motion for a turnover of funds held by LVI was explicitly to enforce the first restraining notice which had expired, the bank's motion for the turnover of funds should have been denied.

We have examined the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.