■ ROBIN BEAL, Respondent, v JEFFREY BEAL, Appellant. [818 NYS2d 557]—In a matrimonial action in which the parties were divorced by judgment entered December 27, 1989, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated August 23, 2004, as denied those branches of his motion which were, in effect, pursuant to CPLR 5021 (a) (2), for satisfaction of money judgments dated February 27, 1987, October 1, 1992, and December 11, 1992, respectively, previously entered in favor of the plaintiff and against him or, alternatively, to vacate those judgments, and (2) from so much of an order of the same court, entered May 19, 2005, as, in effect, upon reargument, adhered to so much of the order dated August 23, 2004, as denied that branch of his motion which was for satisfaction of the money judgment dated February 27, 1987, or, alternatively, to vacate that judgment, without prejudice to renewal before Justice Joseph DeMaro.

Ordered that the appeal from so much of the order dated August 23, 2004, as denied that branch of the defendant's motion which was for satisfaction of the money judgment dated February 27, 1987, or, alternatively, to vacate that judgment, is dismissed, as that portion of the order was superseded by the

order entered May 19, 2005, in effect, made upon reargument; and it is further,

Ordered that the order dated August 23, 2004 is affirmed insofar as reviewed; and it is further,

Ordered that the order entered May 19, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Initially, we note that the defendant was entitled to appeal from so much of the order entered May 19, 2005, as, in effect, upon reargument, adhered to so much of the order dated August 23, 2004, as denied that branch of his motion which was for satisfaction of the money judgment dated February 27, 1987, without prejudice to renewal before Justice Joseph DeMaro (see Drepaul v Allstate Ins. Co., 299 AD2d 391 [2002]). On the merits, that branch of the motion was properly denied. The defendant failed to establish that the money judgment at issue had been satisfied (see CPLR 5021 [a] [2]; Matter of Quiggle v Quiggle, 144 AD2d 1011 [1988]), or that some basis existed for vacating it (see CPLR 5015 [a]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 69 [2003]).

The defendant's remaining contentions are without merit. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.