■ MOHAMMAD MALIK, Respondent, v AHARON NOE, Appellant. [864 NYS2d 82]—

In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated March 12, 2007, as denied his cross motion pursuant to CPLR 317 and 5015 to vacate a judgment of the same court (LaTorella, J.), dated February 26, 2002, entered in favor of the plaintiff and against him in the principal sum of $100,000, upon his default in appearing and opposing the plaintiff's motion for summary judgment in lieu of complaint, and pursuant to CPLR 5021 (a) (2) to direct the County Clerk to enter a partial satisfaction of the judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was to direct the County Clerk to enter a partial satisfaction of the judgment; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the judgment was partially satisfied and thereafter for a new determination of that branch of the defendant's cross motion.

The defendant concedes that he executed a promissory note in favor of the plaintiff, Mohammad Malik, in the sum of $100,000 and failed to make timely payments. The plaintiff served the defendant pursuant to CPLR 308 (4) with a summons and motion for summary judgment in lieu of a complaint, which was granted on default in February 2002. The defendant admits that he became aware of the default judgment sometime in late 2003 or early 2004. However, he did not cross-move, inter alia, to vacate the default judgment until November 2006. Contending that he made payments toward the note, the defendant also cross-moved to direct the County Clerk to enter a partial satisfaction of the judgment for the payments made. The plaintiff admitted receiving the payments, but denied that they were made in partial satisfaction of the note.

The branch of the defendant's cross motion which was pursuant to CPLR 317 and 5015 to vacate the default judgment was properly denied as it was not made within one year of learning of the default judgment or within one year of service of a copy of the default judgment with notice of entry (*see* CPLR 317, 5015 [a] [1]). The court providently exercised its discretion in not extending this time in light of the defendant's failure to timely move or offer a reasonable excuse for failing to do so (*see Allen v Preston*, 123 AD2d 303 [1986]; *Town of Greenburgh v Schroer*, 55 AD2d 602 [1976]; *Levine v Berlin*, 46 AD2d 902 [1974]).

Moreover, the defendant failed to demonstrate that he did not receive actual notice in time to defend, as required by CPLR 317. A mere denial of receipt is insufficient to rebut the presumption of proper service created by a properly executed affidavit of service (*see De La Barrera v Handler*, 290 AD2d 476 [2002]; *Udell v Alcamo Supply & Contr. Corp.*, 275 AD2d 453 [2000]). The defendant also failed to establish a meritorious defense to the action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138 [1986]; *Jefferson v Netusil*, 44 AD3d 621 [2007]).

A motion pursuant to CPLR 5021 (a) (2) may only be granted upon a showing that all or part of the judgment has been satisfied (*see Beal v Beal*, 31 AD3d 472 [2006]; *Matter of Quiggle v Quiggle*, 144 AD2d 1011 [1988]). In view of the conflicting documentary evidence, an evidentiary hearing should have been held to determine whether the payments made by the defendant were partial payments on the note. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on this issue and thereafter a new determination on that branch of the defendant's cross motion which was to direct the County

Clerk to enter a partial satisfaction of the judgment. Mastro, J.P., Dillon, Eng and Belen, JJ., concur.