Haig Press, Inc., Doing Business as Haig Graphic Communications, Appellant, 
against
Deirdrea Renwick, Doing Business as Advertising Distributions Systems, Respondent.




Kenneth L. Small, Esq., for appellant.
Alan H. Krystal, P.C. (Alan H. Krystal, Esq.), for respondent.

Appeal from an order of the District Court of Suffolk County, Fourth District (James F. Matthews, J.), dated February 2, 2016. The order granted defendant's motion to vacate a default judgment of that court entered February 17, 2012 upon her failure to appear or answer the complainant. The appeal from the order dated February 2, 2016 brings up for review so much of an order of the same court dated March 29, 2016 as, upon reargument, adhered to the prior determination (see CPLR 5517 [b]).




ORDERED that the appeal from the order dated February 2, 2016 is dismissed, as that order was superseded by the order dated March 29, 2016, made upon reargument; and it is further,
ORDERED that the order dated March 29, 2016, insofar as reviewed, is reversed, without costs, and, upon reargument, the branch of defendant's motion seeking to vacate the default judgment is denied. 
Plaintiff commenced this action for breach of contract against Deirdrea Renwick doing business as Advertising Distribution Systems and personally served the summons and complaint upon Ms. Renwick at an address in Deer Park, New York. It is undisputed that defendant failed to appear or answer, and, on February 17, 2012, a default judgment in the principal sum of $13,440 was entered against defendant. The default judgment with notice of entry was served upon defendant by mail on March 7, 2012 at the same Deer Park address. In November 2015, defendant moved to vacate the default judgment, admitting in her affidavit that she had been served with the pleadings and asserting as an excuse for her default in answering the complaint that she believed that Advertising Distribution Systems "would be handling this matter." Defendant contended that she had not been served with the default judgment. Plaintiff opposed the motion and appeals from an order of the District Court, dated February 2, 2016, which, insofar as is relevant, granted defendant's motion to vacate the default judgment. Upon the [*2]appeal from the February 2, 2016 order, we review so much of a March 29, 2016 order of the same court as, upon reargument, adhered to its prior determination (see CPLR 5517 [b]).
Defendant's bald denial of receiving the default judgment in 2012 was insufficient to rebut the presumption of proper service created by the affirmation of service by plaintiff's attorney (see De La Barrera v Handler, 290 AD2d 476 [2002]; M. Sobol, Inc. v Wiener, 3 Misc 3d 132[A], 2004 NY Slip Op 50409[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). Thus, to the extent defendant sought to vacate the default judgment pursuant to CPLR 5015 (a) (1), her motion was untimely because it was not made within one yearafter service upon her of a copy of the default judgment with notice of its entry (see Yung Chong Ho v Uppal, 130 AD3d 811, 812 [2015]; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759 [2013]). Moreover, the District Court improperly exercised its discretion in extending the one-year period, since defendant failed to demonstrate a reasonable excuse for her lengthy delay in moving to vacate the judgment (see U.S. Bank N.A. v Bien-Aime, 123 AD3d 696 [2014]; Matter of Putnam County Natl. Bank v JP Morgan Chase Bank N.A., 57 AD3d 677 [2008]; Malik v Noe, 54 AD3d 733 [2008]). 
Accordingly, the order dated March 29, 2016, insofar as reviewed, is reversed, and, upon reargument, the branch of defendant's motion seeking to vacate the default judgment is denied.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 09, 2017