Vera Ifudu, Respondent,
against
Geraldine Ross, Appellant.




Lila Ayers, Esq., for appellant.
Vera Ifudu, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered August 8, 2016. The order, insofar as appealed from as limited by the brief, denied so much of defendant's motion as sought to direct the entry of a partial satisfaction of judgment.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for a new determination of so much of defendant's motion as sought to direct the entry of a partial satisfaction of judgment.
In this action to recover the principal sum of $25,000, a default judgment was entered on April 10, 2013 in favor of plaintiff in the principal sum of $14,420 and the total sum of $15,554.91. Thereafter, the April 10, 2013 judgment was vacated, and a new default judgment was entered on November 1, 2013, in the principal sum of $13,920 and the total sum of $16,638.41. On May 3, 2013, a notice of execution issued based on the April 10, 2013 judgment, pursuant to which, on December 20, 2013, a marshal of the City of New York commenced a garnishment against defendant's salary. The garnishment continued through January 4, 2016, ceased, and then recommenced on June 3, 2016, whereupon defendant moved to direct the entry of a satisfaction of judgment. In support of her motion, defendant submitted, among other things, a breakdown she had received from a marshal of the City of New York, dated June 7, 2016, showing the marshal's calculations of the amounts that had been collected from defendant, the [*2]charges assessed against defendant, and the outstanding balance defendant owed as of June 7, 2016. Defendant also submitted a printout of a payroll register for the period during which garnishments had been made, which showed, for each biweekly period, the sum of money that had been garnished from defendant's checks from December 20, 2013 through June 3, 2016. Defendant claimed that the marshal had miscalculated interest, that she had paid the judgment in its entirety, and that she was entitled to a satisfaction of judgment. 
In opposition to defendant's motion, plaintiff asserted that the marshal had correctly utilized the declining balance method for computing the interest defendant owed, and submitted a marshal's "corrected breakdown," dated July 1, 2016, the numbers on which were revised from the June 7, 2016 breakdown that the marshal had provided to defendant. The corrected breakdown set forth a marshal's fee (see CPLR 8011; CCA 1609 [1] [a]), interest (see CPLR 5004), a 5% poundage fee (see CPLR 8012 [b]; CCA 1609 [1] [a]), a total amount due as of June 7, 2016, payments received through June 7, 2016, payments received after June 7, 2016, and a total due as of June 24, 2016 of $4,589.07. 
In a reply affidavit, defendant, in effect, abandoned her demand for a satisfaction of judgment, but argued, among other things, that the marshal had miscalculated the balance remaining due on the judgment, that the sum due as of July 1, 2016 had been $3,632.77, rather than $4,589.07 as the marshal had concluded and as plaintiff had urged should be accepted, and that she was entitled to a partial satisfaction of judgment. 
In an order entered August 8, 2016, the Civil Court denied defendant's motion, while, among other things, acknowledging that the judgment against defendant had been partially satisfied by garnishments totaling $14,706.14 as of July 1, 2016. 
On appeal, defendant argues, among other things, that she was entitled to a partial satisfaction of judgment. 
Since the court found, and both parties conceded, that the judgment had been partially satisfied, defendant's motion should have been granted to the extent of directing the entry of a partial satisfaction of judgment (see CPLR 5020 [a]; 5021 [a]; see also Malik v Noe, 54 AD3d 733, 734 [2008]; National Bank of NY City v ESI Group, 201 AD2d 469, 470-471 [1994]). The amount of the partial satisfaction should be calculated by determining the total payments received as of a certain date, and deducting from that sum the marshal's fee, the interest accrued to that date, and the poundage fee due to the marshal upon the collection of such sum.
We note that, while the Civil Court found that garnishments of $14,706.14 had been made from defendant's salary as of July 1, 2016, this finding did not accord either with the marshal's corrected breakdown, which showed that $15,283.60 had been garnished from defendant's salary as of June 24, 2016, or with defendant's payroll register, which also showed that $15,283.60 had been garnished from defendant's salary as of June 3, 2016.
We do not consider those arguments which defendant raised for the first time in the reply papers she submitted to the Civil Court (see State of New York v Defoe Corp., 149 AD3d 889, 898 [2017]; Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d 1048, 1049 [2015]).
Accordingly, the order, insofar as appealed from, is reversed, and the matter is remitted to the Civil Court for a new determination of so much of defendant's motion as sought to direct the entry of a partial satisfaction of judgment.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 10, 2018