Neptune Development Corp., Respondent,
against
Theo Kalogiannis and Theonie Kalogiannis, Appellants.




Sgouras Law Firm, PLLC (A. Tommy Sgouras of counsel), for appellants.
Houslanger & Associates, PLLC (Todd E. Houslanger of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (Janine A. Barbera-Dalli, J.), dated March 29, 2018. The order, insofar as appealed from as limited by the brief, denied the branch of tenants' motion seeking an order directing the clerk of that court to enter a satisfaction, in whole or part, of the monetary portion of a final judgment of that court entered May 30, 2013.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for a new determination of the branch of tenants' motion seeking to direct the clerk of that court to enter a full or partial satisfaction of the monetary portion of the final judgment, following an evidentiary hearing, in accordance with this decision and order.
The parties to this residential holdover summary proceeding entered into a stipulation of settlement dated May 9, 2013, pursuant to which a final judgment awarding landlord possession and the principal sum of $20,000 was entered, and a warrant of eviction was issued and stayed. Tenants made payments to landlord and continued to reside in the premises through February 2016. In November 2017, landlord filed an income execution against the wages of tenant Theonie Kalogiannis. Tenants moved for relief, including, insofar as relevant to this appeal, an order, pursuant to CPLR 5021 (a), directing the clerk of the court to enter a full or partial [*2]satisfaction of the monetary portion of the final judgment. In his supporting affidavit, tenant Theo Kalogiannis asserted that the monetary award had been intended to cover rent for the period from January through April 2013. He claimed that tenants had paid the judgment amount by one $5,000 check dated May 5, 2013, which stated on its memo line that it constituted payment for the January 2013 rent, a second $5,000 check dated June 23, 2013, which stated on its memo line that it constituted payment for the February 2013 rent, and $10,000 in cash, for which, he stated, tenants had not been given a receipt. Tenants also claimed that they should be given a credit for a $25,000 deposit they had made towards an unconsummated purchase of the premises and/or their $10,000 security deposit.
In opposition, landlord submitted an affirmation from its attorney who, in effect, conceded that the monetary portion of the final judgment had been intended to cover rent for the period from January through April 2013. He argued that the May 5, 2013 check, which predated the parties' stipulation of settlement, had been taken into account in arriving at the May 9, 2013 settlement of $20,000, which covered January through April rent, by applying that check to the then-due rent of May 2013. He further claimed that the June 23, 2013 check had reinstated tenants' tenancy and had been credited towards tenants' June rent; that there was no documentation of the alleged $10,000 cash payment because it had not been made; that there was no basis for crediting tenants' $25,000 payment to landlord, which had constituted a nonrefundable deposit for their unconsummated purchase, towards the judgment; and that the $10,000 security deposit had been applied to cover tenants' February 2016 rent, as well as outstanding rent arrears and repairs for damage to the premises. He also claimed that, in May 2015, tenants had confirmed their $20,000 debt to landlord, as evidenced by a signed agreement between the parties dated May 12, 2015, in which tenants acknowledged such debt. Landlord submitted, among other items, a copy of the one-year 2008 lease between the parties and copies of unsigned documents pertaining to landlord's potential sale of the premises to tenants. 
Following oral argument, the District Court denied tenants' motion.
"A motion pursuant to CPLR 5021 (a) (2) may only be granted upon a showing that all or part of the judgment has been satisfied" (Malik v Noe, 54 AD3d 733, 734 [2008]). Where a judgment is partially satisfied, the debtor is entitled to the entry of a partial satisfaction of judgment (see CPLR 5020 [a]; see also Malik v Noe, 54 AD3d at 734; National Bank of NY City v ESI Group, 201 AD2d 469, 470-471 [1994]; Ifudu v Ross, 60 Misc 3d 140[A], 2018 NY Slip Op 51199[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). The judgment debtor bears the burden of establishing the satisfaction of the judgment (see Beal v Beal, 31 AD3d 472, 473 [2006]).
Earmarked rent payments must be applied to the periods for which they are earmarked (see EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Greenbrier Garden Apts. v Eustache, 50 Misc 3d 142[A], 2016 NY Slip Op 50210[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; 134-38 Maple St. Realty Corp. v Medina, 3 Misc 3d 134[A], 2004 NY Slip Op 50469[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). With respect to tenants' $5,000 payment to landlord by a check dated May 5, 2013 which was earmarked for January 2013, we find that there is an unresolved issue of fact as to whether the check, which on its face predated the May 9, 2013 stipulation of settlement, was taken into account by the parties when they determined the period [*3]covered, and the amount due, under the stipulation of settlement, as landlord claims, or whether its payment should constitute a partial satisfaction of the judgment.
With respect to the June 23, 2013 payment, since tenants' memorandum on their check stated that it was intended to constitute their February 2013 rent, which sum had concededly been included in the stipulated judgment, the District Court should at the very least have granted tenants' motion to the extent of directing a partial satisfaction of the monetary portion of the final judgment based on tenants' payment of $5,000 towards their February 2013 rent. We note that landlord was not entitled to allocate a check earmarked as February rent for payment of June rent. Under the circumstances, we are of the opinion that a hearing should have been held on the issues of whether tenants paid landlord $10,000 in cash towards the monetary portion of the final judgment, whether the $25,000 deposit they paid to landlord, or any part of it, should have been credited towards the monetary portion of the final judgment, and whether they are entitled to have the court direct that their security deposit, or any part of it, be applied towards a satisfaction of that award.
Accordingly, the order, insofar as appealed from, is reversed and the matter is remitted to the District Court for a new determination of the branch of tenants' motion seeking a full or partial satisfaction of the monetary portion of the final judgment, following an evidentiary hearing in accordance with this decision and order.
GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019