Deutsche Bank Natl. Trust Co. v Vega (2024 NY Slip Op 06025)

Deutsche Bank Natl. Trust Co. v Vega

2024 NY Slip Op 06025

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-03213
2023-04176
 (Index No. 18015/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Carlos M. Vega, appellant, et al., defendant.

David M. Harrison, Brooklyn, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carlos M. Vega appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 23, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered December 8, 2022. The order dated November 23, 2022, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied that branch of the cross-motion of the defendant Carlos M. Vega which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated July 18, 2019, issued upon that defendant's default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, denied the same relief to the defendant Carlos M. Vega, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated November 23, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the cross-motion of the defendant Carlos M. Vega which was to vacate the order dated July 18, 2019, issued upon that defendant's default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant is granted, the order dated November 23, 2022, is modified accordingly, the order dated July 18, 2019, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant Carlos M. Vega in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Carlos M. Vega.
The appeal from the order dated November 23, 2022, must be dismissed because the [*2]right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 768). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
In 2008, the plaintiff commenced this action against the defendant Carlos M. Vega (hereinafter the defendant), among others, to foreclose a mortgage on residential real property. The defendant answered the complaint and asserted affirmative defenses alleging, inter alia, violations of the Truth in Lending Act (15 USC § 1601 et seq.; hereinafter TILA). The plaintiff subsequently made two motions, among other things, for summary judgment on the complaint insofar as asserted against the defendant, both of which were denied. The first motion was denied on the ground that triable issues of fact existed as to the defendant's TILA defenses. The second motion was denied as an improper, successive summary judgment motion.
The plaintiff made a third motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The parties agreed, by stipulation, to adjourn the motion to July 17, 2019, and that the defendant would serve his opposition papers on July 10, 2019, i.e., seven days before the adjourned return date (see CPLR 2214). The Supreme Court adjourned the return date one day later, to July 18, 2019. The defendant served his opposition papers on July 11, 2019, seven days before the new adjourned return date (see id.). The plaintiff rejected the defendant's opposition papers on the basis that they were served one day after the stipulated date. By order dated July 18, 2019, the court granted the plaintiff's motion. The defendant appealed the order dated July 18, 2019, but the appeal was dismissed by a decision and order on motion of this Court dated September 11, 2020, on the basis that no appeal lies from an order entered upon the default of the appealing party (see id. § 5511).
The plaintiff thereafter moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated July 18, 2019, issued upon his default in opposing the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against him. In an order and judgment of foreclosure and sale entered December 8, 2022, the Supreme Court granted the plaintiff's motion, denied that branch of the defendant's cross-motion, and directed the sale of the subject property. The defendant appeals.
Pursuant to CPLR 5015(a)(1), a court may relieve a party from a judgment on the ground of excusable default, if a motion for that relief is made within one year after service of a copy of the judgment with written notice of entry (see id.; Bank of N.Y. Mellon v Geffrard, 215 AD3d 723, 724). In addition, "even after expiration of the one-year limitations period set forth in CPLR 5015, 'a court may vacate its own judgment for sufficient reason and in the interests of substantial justice'" (Bank of N.Y. Mellon v Geffrard, 215 AD3d at 724, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Allen v Preston, 123 AD2d 303, 304).
Under the particular circumstances of this case, given the reasonable excuse proffered for the defendant's default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, as well as the potentially meritorious opposition to the plaintiff's motion asserted by the defendant, the interests of substantial justice are served by vacating the defendant's default, despite his delay in moving to vacate, particularly since that delay was partially engendered by unclear language in the order dated July 18, 2019 (see F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp., 202 AD2d 629, 630; see also U.S. Bank N.A. v Losner, 145 AD3d 935, 938; Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305). Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, grant that branch of the defendant's cross-motion which was to vacate the order dated July 18, 2019, issued upon the defendant's default in opposing the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against him, modify the order dated November 23, 2022, accordingly, vacate the order dated July 18, 2019, and remit the matter to the Supreme Court, Suffolk County, for a new [*3]determination of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, taking into consideration the defendant's opposition papers.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court