■ PETER SCALCHUNES, Respondent-Appellant, v MARY SCALCHUNES, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant wife appeals and the plaintiff husband cross-appeals from stated portions of a judgment of the Supreme Court, Nassau County (Balletta, J.), entered November 12, 1986, which, *inter alia,* (1) awarded the defendant wife $191,980.66 as distributive award, (2) awarded the wife $8,500 in counsel fees, and $2,000 in expert fees, and (3) denied the wife's claim for necessaries.

Ordered that the judgment is modified, on the law and the facts, by deleting from the eighth decretal paragraph thereof the following phrases (1) "the sum of $191,980.66", (2) "Defendant's share of plaintiff's interest in Scales Air Compressor Corp. $193,530.66", and (3) "Adjusted balance due to defendant $191,980.66", and substituting therefor, respectively, the phrases (1) "the sum of $111,798.20", (2) "Defendant's share of plaintiff's interest in Scales Air Compressor Corp. $113,348.20", and (3) "Adjusted balance due to defendant $111,798.20"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In this divorce action, the parties stipulated to an equal distribution of all marital assets, except with respect to the husband's stock interest in his closely held corporation, the determination of which was left to the trial court. Upon a review of the record, we find that the trial court was correct in granting the wife an award of 35% of the husband's stock interest in the Scales Air Compressor Corporation, since it was primarily his personal contributions that gave rise to and nurtured the continuous development of that interest, and the wife had no participation in the business *(see, Rosenberg v Rosenberg,* 126 AD2d 537, *lv denied* 70 NY2d 601).

However, with respect to the trial court's valuation of the husband's stock interest, we find that it was error for the court to apply its own, somewhat arbitrary, valuation formula under the circumstances of this case, where there was no evidence contained in the record which would indicate that the stock had an actual value of any amount other than the amount calculated in accordance with the bona fide buy-sell agreement of the shareholders. Several cases recently decided by this court were relied upon by the trial court in the instant case to support the position that where the transfer of stock of a closely held corporation is restricted by a bona fide buy-sell agreement which predates the marital discord, the price fixed by the agreement, although not conclusive, is a factor to be considered *(see, Kaye v Kaye,* 102 AD2d 682; *Lee v Lee,* 93 AD2d 221). In several of our most recent decisions, this court has found that, under circumstances where "[t]here was no evidence of any * * * action which might vitiate the defendant's obligation under the shareholder's agreement * * * any appraisal of the value of the shares based upon a potential sale outside the terms of the agreement would be purely speculative" *(see, Amodio v Amodio,* 122 AD2d 757, 758, *affd* 70 NY2d 5; *Rosenberg v Rosenberg, supra,* at 537). In its recent affirmance of this court's *Amodio* decision, the Court of Appeals has qualified this approach by stating that the court "need not rely solely on the price set forth in a buy-sell agreement *if other evidence exists"* (emphasis added) *(see, Amodio v Amodio, supra,* at 8). Hence, it is clear that, where there is evidence of the actual value of the stock other than the amount set forth by the shareholders' agreement, that evidence should be considered along with the agreement. At bar, insofar as the value derived from the bona fide buy-sell agreement was the only evidence in the record of the stock's actual value, we deem it conclusive, and, accordingly, we must reduce the trial court's valuation of the husband's shares from $552,944.75 to $323,852. However, insofar as the trial court declined to award the husband any interest in the increased value of the plaintiff's stock which had come about upon the recent death of one of the other stockholders and the corporation's redemption of his shares, we find that the trial court properly concluded that the death, which occurred in May 1985, had no bearing on the defendant wife's interest, which was valued as of January 31, 1984, the day before the commencement of this action. Likewise, we agree with the trial court in its rejection of the wife's argument that there is "intrinsic" value in the husband's potential accretion of a

100% interest in the event of the death, disability, or termination of the participation of the other remaining shareholder, which should be factored into the valuation of her share of the plaintiff's interest in the company.

We also reject the wife's claim for so-called "necessaries" insofar as she seeks reimbursement for expenses which were incurred after the commencement of this action. The maintenance award established by the trial court was made retroactive to the date of the service of the summons, and that award established the standard of support for that period of time.

Lastly, we find that the trial court acted properly in awarding counsel fees and expert fees to the wife. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.