■ JACOB M. LEHMAN et al., Appellants, v SHLOMO PIONTKOWSKI, Respondent. (Action No. 1.) JACOB M. LEHMAN, Individually and as an Officer and Director of JACOB M. LEHMAN, M.D., P. C., Appellant, v SHLOMO PIONTKOWSKI et al., Respondents. (Action No. 2.)—In action No. 1, *inter alia,* to enjoin the defendant from violating a covenant not to compete, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 29, 1985, as granted the defendant's motion for summary judgment on the issue of liability on his first, third, fourth and sixth counterclaims, and in action No. 2, *inter alia,* for an accounting, the plaintiff appeals from an order of the same

court, entered July 22, 1986, which denied his motion, *inter alia,* for summary judgment, consolidation of actions Nos. 1 and 2, leave to amend his complaint, dismissal of the defendants' affirmative defenses, and leave to amend his reply in action No. 1, and which granted the defendants' cross motion for summary judgment dismissing the complaint in action No. 2.

Ordered that the order dated July 29, 1985 is affirmed insofar as appealed from, and the order entered July 22, 1986 is affirmed, with one bill of costs.

Action No. 1 was commenced by the plaintiff Jacob M. Lehman and his professional corporation. Action No. 2 was commenced by plaintiff Jacob Lehman individually and as an officer and director of that corporation. Both actions stem from the disintegration of a business relationship between the plaintiff Lehman and the defendant Shlomo Piontkowski, both of whom are physicians who once practiced medicine together under the aegis of the professional corporation founded by Lehman.

Action No. 1, by which the plaintiffs sought to enforce a covenant not to compete, and to which the defendant asserted as affirmative defenses, *inter alia,* his wrongful expulsion from the corporation, is before us for the fourth time. In our last decision *(see, Lehman v Piontkowski,* 93 AD2d 809, *affd* 61 NY2d 703), we held that the plaintiff Jacob M. Lehman's unilateral transfer to himself of the defendant's stock and the termination of the defendant's employment with the corporation were improper as a matter of law. We therefore dismissed the complaint in that action. As a consequence of that dismissal and the defendant's subsequent discontinuance of his second and fifth counterclaims, all that remain for resolution in action No. 1 are the defendant's counterclaims for damages representing the value of his confiscated stock, amounts owed for compensation up to the date of his expulsion, additional compensation due pursuant to a formula contained in his employment agreement, and severance pay as set forth in that agreement.

The defendant in action No. 1 moved for summary judgment on his remaining counterclaims. During the pendency of that motion, the plaintiff Jacob M. Lehman commenced action No. 2 against the defendant in action No. 1 and the defendant's newly formed professional corporation. Action No. 2 was premised on the defendant Piontkowski's alleged breaches of fiduciary duties while he was associated with the plaintiff Jacob M. Lehman. As a result of our determination in action

No. 1 that the defendant's expulsion from the plaintiff Lehman's corporation was improper, Special Term granted the defendant's motion in action No. 1 for summary judgment to the extent of determining that the plaintiff Lehman is liable to the defendant "relative to compensation for his stock interest, as well as summary judgment on the issue of liability relating to his asserted right to additional compensation". The issue of damages was set down for assessment.

The plaintiffs then made a multifaceted motion addressed to both actions. In support of those branches of that motion which were for leave to amend the "reply" in action No. 1 and leave to amend the complaint in action No. 2, the plaintiffs submitted one proposed "AMENDED AND SUPPLEMENTAL COMPLAINT IN CONSOLIDATED ACTIONS" which was apparently to serve both as a reply and as a complaint in what plaintiffs assumed would be a consolidated action. Allegations are made in this proposed amended pleading concerning the defendants' alleged wrongful acquisition of the plaintiffs' assets after the defendant Piontkowski's expulsion. However, the acts pursuant to which the alleged wrongful acquisition was effectuated are claimed to have occurred while the defendant Piontkowski was associated with the plaintiff Lehman. Those acts are the same as those giving rise to the original complaint in action No. 2. They are also the same acts upon which the plaintiff in action No. 1 purported to justify the defendant Piontkowski's expulsion from the corporation. By order entered July 22, 1986, Special Term granted the defendants' cross motion for dismissal of action No. 2, holding that the plaintiff was barred by the doctrine of res judicata from maintaining that action. It also denied the plaintiff's multifaceted motion.

The plaintiff Jacob M. Lehman contends on appeal that because action No. 1 has not been finally concluded, the right to amend the pleadings, and implicitly, the right to maintain action No. 2, remains alive. He ignores, however, the fact that his claim in action No. 1 has been finally dismissed, and that such claim and the defenses to it were premised on the same transaction or series of transactions on which action No. 2 and the proposed amended pleading are premised. We agree with Special Term that the issues the plaintiff Jacob M. Lehman seeks to raise in action No. 2 and in the proposed amended pleading are sufficiently identical to the issues previously resolved in action No. 1 so as to preclude him from raising them again (see, O'Brien v City of Syracuse, 54 NY2d 353, 357; GTF Mktg. v Colonial Aluminum Sales, 108 AD2d 86, affd 66 NY2d 965).

Our prior determination that the plaintiff Jacob M. Lehman improperly confiscated the defendant Piontkowski's stock and improperly terminated his employment not only precludes maintenance of action No. 2, it also mandates judgment as to liability against the plaintiffs on the defendant's counterclaims in action No. 1. Moreover, we discern no inconsistency in Special Term's determination, for we read its decision as granting summary judgment as to liability on each of the four remaining counterclaims. The only issue left for determination in this lengthy litigation is the amount of the defendant Piontkowski's damages. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.