■ In the Matter of FRANK STERNBERG, Appellant. ARNOLD OSMAN, Respondent, et al., Respondent.—In a special proceeding for the judicial dissolution of Long Island Paneling Centers, Inc., pursuant to Business Corporation Law § 1104, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated March 30, 1990, as directed dissolution of the corporation, to be effectuated by the private sale of one shareholder's interest in the corporate assets to the other shareholder, with no prior calculation of the corporation's tax liabilities.

Ordered that the order is modified, on the law and the facts and as an exercise of discretion, by adding a provision thereto that unless the parties reach an agreement as to the terms of a private sale of one shareholder's interest in the corporate assets to the other shareholder, or a sale of both shareholders' interests in the corporate assets to a third party, a public liquidation sale of the assets of Long Island Paneling Centers, Inc., will be held; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the parties' time to reach an agreement as to the terms of a bulk or private sale is extended until 60 days after service upon the respondent Arnold Osman of a copy of this decision and order, with notice of entry.

Under Business Corporation Law § 1117, Business Corporation Law §§ 1005 through 1008, dealing with post-dissolution procedures for nonjudicial dissolutions, are applicable in judicial dissolutions as well. "After dissolution, a corporation is governed by BCL Section 1005" (4 White, New York Corporations ¶ 1005.03, n 6.1, at 10-32.1). In a proceeding like the

instant one, "of paramount importance" is "the benefit to the shareholders" (Business Corporation Law § 1111 [b] [2]).

While the Supreme Court correctly noted that it has "broad latitude in fashioning a remedy to protect the interests of the shareholders of the subject corporation in accordance with their respective rights (Business Corporation Law Section 1111 [c])", there is nothing in the Business Corporation Law which authorizes a court to accomplish a corporate dissolution by directing one 50% shareholder to sell his assets, or his interest in the corporate assets, to the other 50% shareholder at a private sale. Rather, the only authorized disposition is for the corporation itself to "sell its assets for cash at public *or* private sale" (Business Corporation Law § 1005 [a] [2] [emphasis supplied]). Although the Supreme Court's decision betrays a laudable desire to preserve the structure, functioning, and profitability of the corporation, this cannot be done in the absence of an agreement between the parties, which, realistically, cannot be created by judicial fiat *(cf., Matter of Ronan Paint Corp.,* 98 AD2d 413; *Matter of Venice Amusement Corp.,* 14 AD2d 742). Moreover, maintaining a going business is not the primary objective contemplated by Business Corporation Law § 1111 (b) (2), and "the benefit to the shareholders" declared in that statute to be of "paramount importance" is not maximized by forcing one of the shareholders to buy out the other's "interest" in the corporate assets, when that "interest" is encumbered with a tax debt of as yet unascertained magnitude.

Accordingly, *if* the parties can agree to sell the business as a whole, or to sell to one another, they should be permitted to do so *(see, Matter of Venice Amusement Corp., supra).* However, if there is no agreement between the parties within a reasonable time, and no outside buyer of the business as a whole can be found, a liquidation of the corporation's assets by public sale shall be held. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.