■ JOYCE L. KALISCH, Respondent-Appellant, v BRUCE R. KALISCH, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant husband appeals from stated portions of a judgment of the Supreme Court, Westchester County (Buell, J., on the decision and at trial; Facelle, J., on the judgment), dated July 27, 1989, which, *inter alia,* (a) distributed the marital property, (b) granted the plaintiff wife exclusive possession of the marital residence, and (c) awarded child support of $375 per week for the support of the children of the marriage, and (2) the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment which, *inter alia,* (a) distributed the marital property, (b) directed her to pay defendant husband $11,600 as his equitable share of the appreciated value of her law license, and (c) denied her application for counsel fees.

Ordered that the judgment is modified, on the law and on the facts, by deleting subdivisions (a), (b), (e), (f), and (g) of the eleventh decretal paragraph thereof and substituting therefor a provision (1) awarding the plaintiff the principal sum of $604,500, representing 40% of the value of the Interboro Stock owned by the defendant, with interest at 9% per annum from July 27, 1989, until payment, (2) denying the defendant an award for the alleged appreciation in value of the plaintiff's law license, (3) awarding the plaintiff the 1988 Chevrolet Nova automobile, the household furnishings, the sterling silver, and the doll collection, (4) awarding the defendant the motor boat,

and (5) awarding the plaintiff the principal sum of $14,613, representing 50% of the parties' remaining assets which have a total value of $154,774, less $62,774 representing the assets already in the plaintiff's possession, with interest of 9% per annum from July 27, 1989, until payment; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment incorporating the terms of the stipulation dated February 1989, *inter alia*, with respect to visitation, and without prejudice to an application in the Supreme Court, Westchester County, for a reduction in the distributive award to the plaintiff of $604,500, in the event that Interboro Institute has been closed by the State of New York pursuant to certain proceedings commenced in 1985.

Contrary to the defendant husband's contentions, the Supreme Court erred in attempting to equitably distribute the "appreciation" in the plaintiff wife's law license pursuant to *Price v Price* (69 NY2d 8). The plaintiff obtained her law license and embarked upon her career as a attorney with the New York City Housing Authority (hereinafter Housing Authority) prior to the parties' marriage and approximately 12 years before the instant action was commenced. Accordingly, the plaintiff's law license—which has long since merged into her professional career—is neither marital property nor an asset which possesses an independent identity for the purposes of computing appreciation *(see, Marcus v Marcus,* 137 AD2d 131; *Parlow v Parlow,* 145 Misc 2d 850, 853).

In any event, even if the plaintiff's license could, under the facts presented, be considered property subject to the appreciation concept enunciated in *Price,* the record confirms that the plaintiff's earnings did not "appreciate" in any relevant sense as a "product of the marital enterprise" *(Wegman v Wegman,* 123 AD2d 220, 229). Rather, the evidence establishes that both parties pursued their separate career paths and that the plaintiff's earnings as a Housing Authority employee were governed by economic factors unrelated to any efforts or contributions made by the defendant *(see, Price v Price, supra,* at 18; *see, Duspiva v Duspiva,* 181 AD2d 810; *Evans v Snyder,* NYLJ, Apr. 15, 1992, at 21, col 3; *cf., Parlow v Parlow, supra).*

The defendant contends that the court erred in valuing his 100% interest in Interboro Institute (hereinafter Interboro), a two-year college offering degrees in, *inter alia,* paralegal studies, accounting, business management, and secretarial studies.

Specifically, the defendant argues that the court improperly declined to allow any discount for the lack of "marketability" of Interboro's stock which his expert had factored into his valuation figures. We agree.

As we have previously held, "[a] discount for lack of marketability is properly factored into the equation because the shares of a closely held corporation cannot be [reasonably] sold on a public market" *(Matter of Blake v Blake Agency,* 107 AD2d 139, 149; *see also, Matter of Fleischer,* 107 AD2d 97). Here, in light of Interboro's status as a closely-held corporation, the application of a discount for marketability was proper *(see, Amodio v Amodio,* 70 NY2d 5, 7; *cf., Matter of Seagroatt Floral Co. [Riccardi],* 78 NY2d 439). We conclude, however, that the 35% discount figure applied by the defendant's expert was excessive under the circumstances presented and that a figure of 25% would be appropriate *(see, Matter of Joy Wholesale Sundries,* 125 AD2d 310; *cf., Matter of Fleischer, supra).* Applying the reduced 25% discount rate to the valuation formula utilized by the defendant's expert yields a total adjusted value for Interboro Institute of $1,511,250.

The court also improperly included an Emigrant Savings Bank account under both parties' schedules of property. The plaintiff concedes that the account belongs under her schedule at an amended value of $32,000. Further, the plaintiff's 1988 Chevrolet should not have been included under her schedule since it was purchased in 1988 with those funds.

Notably, the court properly exercised its discretion under the circumstances in selecting August 7, 1986, i.e., the date on which the action was commenced, as the valuation date *(see,* Domestic Relations Law § 236 [B] [4] [b]; *Moody v Moody,* 172 AD2d 730; *Marcus v Marcus, supra; Wegman v Wegman, supra).* Nevertheless, the court erroneously utilized the plaintiff's 1988 net worth statement in assigning values to the marital assets in her possession. Since the plaintiff's 1986 net worth statement was available to the court, and since the figures contained therein reflect the value of the assets as of the commencement of the action, the judgment should be modified to incorporate the 1986 amounts. When the 1986 amounts are utilized, the sum of the marital assets listed in the plaintiff's schedule is $62,774, rather than the $57,690 calculated by the trial court.

Contrary to the defendant's contentions, the court properly awarded the plaintiff 40% of the value of the Interboro stock. Inasmuch as the parties were married for 11 years as of the date this action was commenced, and considering the plain-

tiff's contributions as spouse, parent, wage earner, and homemaker, we find that the court's award was appropriate *(see,* Domestic Relations Law § 236 [B] [5] [e]; *Reina v Reina,* 153 AD2d 775; *Scalchunes v Scalchunes,* 134 AD2d 337). However, if Interboro has been closed by the State of New York pursuant to proceedings commenced in 1985 and then subsequently liquidated, the plaintiff should receive the lesser of: (1) the balance of the distributive award of the Interboro property due and owing to her at the time of liquidation, or (2) 40% of the liquidation proceeds and any funds retained by Interboro Institute after the payment of all its liabilities. If such is the case, the defendant may move in the Supreme Court, Westchester County, to so modify the provisions distributing the Interboro stock.

With respect to the marital residence, we note that possession of a marital residence is generally awarded to the custodial spouse *(see, Cusimano v Cusimano,* 149 AD2d 397). Although here, the parties have joint custody of their child, physical custody is with the plaintiff. There was no evidence adduced at trial establishing that comparable housing could be obtained by the plaintiff at a lower cost *(see, e.g., Cassano v Cassano,* 111 AD2d 208), that the plaintiff is financially incapable of maintaining the marital residence *(see, Behrens v Behrens,* 143 AD2d 617), or that either party is in immediate need of his or her share of the sale proceeds *(cf., Parris v Parris,* 136 AD2d 685). Accordingly, the court properly granted exclusive possession of the marital residence to the plaintiff.

Further, the child support award was reasonable in light of such factors as the child's previous standard of living, the defendant's resources, and the child's needs *(see, Rosenberg v Rosenberg,* 155 AD2d 428). However, as the defendant contends, the court should have incorporated the parties' stipulation concerning visitation and other child custody issues into the judgment, since the stipulation predates the judgment and its provisions are not in contravention of what is in the best interests of the child *(see, e.g., Eschbach v Eschbach,* 56 NY2d 167, 171).

We agree that the plaintiff is entitled to interest on the distributive award at 9% per annum from July 27, 1989, the date of the original judgment *(see, Chirls v Chirls,* 170 AD2d 641).

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.