■ JACOB M. LEHMAN et al., Appellants, v SHLOMO PIONTKOWSKI, Respondent. [609 NYS2d 339] —In an action to enjoin the defendant from violating a covenant not to compete, and for related relief, the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered February 19, 1991, which is in favor of the defendant and against them (a) on his first counterclaims in the principal sum of $403,833, representing the fair value of the defendant's 40% stock interest wrongfully confiscated by the plaintiffs, (b) on his third and fourth counterclaim in the principal sum of $110,053 representing compensation due to the defendant under his employment contract, and (c) on his sixth counter-

claim, the principal sum of $105,923 representing severance pay due to the defendant under his amended employment contract, and (2) a resettled judgment of the same court, dated November 29, 1991, which modified the prior judgment to reflect that the first counterclaim was asserted solely against the individual plaintiff and the remaining counterclaims were asserted solely against the corporate plaintiff, and which awarded additional interest to the date of the resettled judgment.

Ordered that the appeal from the judgment dated February 19, 1991, is dismissed, without costs or disbursements, as that judgment was superseded by the resettled judgment dated November 29, 1991; and it is further,

Ordered that the resettled judgment is modified, on the law and on the facts, by (1) reducing the amount of the fair value of the defendant's 40% stock interest wrongfully confiscated by the plaintiffs by 25% to the principal sum of $302,874.75, and (2) deleting the award of interest from July 23, 1979, through June 25, 1981, at the rate of 9% per annum, and substituting therefor a provision awarding interest during this period at the rate of 6% per annum; as so modified, the resettled judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an amended resettled judgment; and it is further,

Ordered that the judgment is modified accordingly.

This is an action in which the plaintiffs sought to enforce a covenant not to compete, and in which the defendant asserted an affirmative defense based on his allegedly wrongful expulsion from the plaintiff corporation. In a previous decision (see, Lehman v Piontkowski, 135 AD2d 792), this Court affirmed an order granting summary judgment to the defendant as to liability on his four counterclaims for (1) damages representing the value of his confiscated stock, (2) amounts owed for compensation up to the date of his expulsion, (3) additional compensation due pursuant to a formula contained in his employment agreement, and (4) severance pay as set forth in that agreement.

Following a nonjury trial on the issue of the defendant's damages, the Supreme Court awarded the defendant damages on his first counterclaim in the amount of $403,833, representing the fair value of the defendant's 40% stock interest in the plaintiff corporation which had been wrongfully confiscated from him. The plaintiffs' argument that goodwill should not

have been taken into account in the valuation of the plaintiff corporation, a medical practice, is without merit under the circumstances of this case, where the corporation remained in the same location following the defendant's ouster. Professional goodwill which is comprised of an element other than personal attributes of a professional person, such as continuity of location of a professional office, is a saleable asset *(see, Spaulding v Benenati,* 57 NY2d 418, 422; *see also, Conner v Conner,* 97 AD2d 88, 98, n 3).

However, we find that a discount for the lack of marketability should have been included in the valuation of the stock, in light of the fact that this is a closely-held corporation *(see, Matter of Seagroatt Floral Co.,* 78 NY2d 439; *Kalisch v Kalisch,* 184 AD2d 751, 753; *Matter of Malvica,* 170 AD2d 681). We conclude that under the circumstances presented, a figure of 25% is appropriate *(see, Kalisch v Kalisch, supra,* at 753; *Matter of Blake v Blake Agency,* 107 AD2d 139, 149; *Matter of Joy Wholesale Sundries,* 125 AD2d 310).

We additionally find that the Supreme Court was incorrect in computing interest due the defendant based upon CPLR 5004 at a flat 9% rate from July 23, 1979. Although CPLR 5004 now provides for interest at the rate of 9% per annum, this interest rate took effect on June 25, 1981 *(see, Chase Manhattan Bank v Powell,* 111 AD2d 145). "In actions in which interest is to be computed from a date prior to such effective date, interest shall be computed at the rate of six per centum per annum until such date and nine per centum per annum thereafter" (CPLR 5004; L 1981, ch 258, § 2). Thus, interest prior to June 25, 1981, should have been credited at a rate of 6% per annum.

The plaintiffs' remaining arguments are without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.