■ NEW YORK SIGN & SUPPLY-IMPRESSIVE PRODUCTS, INC., Respondent, v DELONG REALTY COMPANY, Appellant. [722 NYS2d 756] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated September 18, 2000, as granted that branch of the plaintiff's motion which was to vacate a judgment of the Supreme Court, Nassau County (Davis, J.), entered August 12, 1998.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to vacate the judgment entered August 12, 1998, is denied.

On August 12, 1998, a judgment was entered against the plaintiff in the Supreme Court, Nassau County, upon its default in appearing at the inquest on damages. The plaintiff thereafter commenced this action in the Supreme Court, Queens County, *inter alia*, to recover damages for breach of an alleged post-judgment settlement agreement between the parties. In the order appealed from, the Supreme Court, Queens County, granted that branch of the plaintiff's motion which was to vacate the Nassau County judgment. We reverse.

The allegations in this case do not implicate any of the "rare instances" when a separate, plenary action may lie to set aside a prior judgment (*James v Shave,* 62 NY2d 712, 714; *see also, Oppenheimer v Westcott,* 47 NY2d 595, 602-603; 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.13). Thus, the plaintiff's motion to vacate the judgment entered upon its default must be addressed to the Supreme Court, Nassau County (*see, James v Shave, supra*; *Oppenheimer v Westcott, supra*; *Kolortron Sys. v Casey,* 118 AD2d 687; *Levine v Berlin,* 46 AD2d 902). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.