■ KOCHUMATHEN A. BABU et al., Appellants, v 29 CORTLANDT ST. REALTY CORP. et al., Respondents. [735 NYS2d 135] —In an action to set aside certain conveyances made pursuant to a judgment of foreclosure in a related action entitled *29 Cortlandt St. Realty Corp. v Peace Street Realty Corp.,* the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), dated February 16, 2000, as denied their motion, in effect, for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The plaintiffs commenced this plenary action, *inter alia*, to set aside certain conveyances made pursuant to a judgment entered in a prior foreclosure action. This relief should have been pursued by way of a motion to vacate pursuant to CPLR 5015 (a) in the foreclosure action (*see, Oppenheimer v Westcott,* 47 NY2d 595; 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.13, at 50-342 - 50-344). Therefore, the Supreme Court should have dismissed this plenary action. In any event, the

plaintiffs failed to state any ground which would have entitled them to relief had they made such a motion.

The plaintiffs contend that they learned during the course of discovery in this action that the plaintiff in the prior foreclosure action, 29 Cortlandt St. Realty Corp., was dissolved before the commencement of that action, pursuant to Tax Law § 203-a, for failure to pay franchise taxes, and therefore did not have the legal capacity to prosecute that action. As the Supreme Court noted, the plaintiffs owned 50% of the shares of 29 Cortlandt St. Realty Corp., and held the offices of president and secretary of the corporation, respectively. It would be improper to vacate the judgment in the foreclosure action based upon 29 Cortlandt St. Realty Corp.'s lack of capacity to sue, where the persons seeking such relief are principals and officers of the delinquent corporation, as such relief would not, under the circumstances of this case, further the purpose of Tax Law § 203-a, which "is to provide an incentive for the voluntary payment of franchise taxes" (*Erljur Assocs. v Weissman,* 134 AD2d 321, 322). O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.