■ In the Matter of VETCO, INC., Respondent-Appellant. KENNETH WOLK, Appellant-Respondent; MATTHEW E. KORNBERG et al., Respondents. [738 NYS2d 599] —In a proceeding pursuant to Business Corporation Law § 1104-a, inter alia, for the judicial dissolution of a closely-held corporation, the petitioner appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Gibson, R.), entered November 14, 2000, as directed that Vetco, Inc., pay him only $819,561, as the fair value of his shares in

the corporation and ordered him to pay 47.76% of the fees of the court-appointed expert appraiser, and Vetco, Inc., cross-appeals from so much of the same order as directed it to pay the petitioner the sum of $819,561, and awarded the petitioner 9% interest on that sum.

Ordered that the order is modified, as a matter of discretion, by deleting from the first decretal paragraph thereof the sum of $819,561 and substituting therefor the sum of $1,023,735.60; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner Kenneth Wolk is the minority shareholder of Vetco, Inc. (hereinafter Vetco), which is a private, closely-held corporation. Alleging, inter alia, that the majority shareholder breached his fiduciary duties, Wolk commenced the instant proceeding to dissolve Vetco. After Vetco elected to purchase Wolk's shares (*see,* Business Corporation Law § 1118 [a]), a valuation hearing was held before a Referee to determine the fair value of the shares (*see, Matter of Penepent Corp.,* 96 NY2d 186).

Under the circumstances, the Referee providently exercised his discretion in his determination, in essence, that Wolk's expert appraiser, Douglas Land, compared Vetco to other corporations which were not in "similar * * * financial situations" (*Matter of Blake v Blake Agency,* 107 AD2d 139, 147). Accordingly, the Referee properly rejected what appeared to be a "comparative appraisal" approach to valuing Vetco (*Matter of Blake v Blake Agency, supra* at 147).

Furthermore, under the circumstances, the Referee providently exercised his discretion in adopting, for the most part, Land's "investment value" approach to valuing Vetco. Contrary to Vetco's assertion, the evidence, which shows that Vetco had an appreciable growth rate, supports the Referee's decision to accept Land's use of a 15% long-term growth rate when computing a capitalization rate. On the other hand, the Referee improvidently exercised his discretion in applying a 40% illiquidity or marketability discount to the value which Land calculated for Vetco under the investment value approach. The appropriate percentage for the illiquidity discount is 25% (*see, Lehman v Piontkowski,* 203 AD2d 257; *Kalisch v Kalisch,* 184 AD2d 751). Since Land concluded that Vetco had an investment value of $2,858,000, we modify the order appealed from to reflect that the fair value of Wolk's 47.76% interest in Vetco is $1,023,735.60.

Contrary to Vetco's contention, the Referee providently exercised his discretion in awarding Wolk 9% interest on the

value of his shares (*see,* Business Corporation Law § 1118 [b]; *Matter of Fleischer,* 107 AD2d 97).

The parties' remaining contentions are without merit. Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.