■ In the Matter of LESLIE & PENNY FOR PENNY PREVILLE, INC. LESLIE GREENBERG, Respondent; JAY SISKIN et al., Appellants; RONALD C. MADAY, Nonparty. [757 NYS2d 302] —In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely-held corporation, Jay Siskin and Penny Siskin appeal from an order of the Supreme Court, Nassau County (Austin, J.), dated July 3, 2002, which determined that the corporate trade name "Penny Preville" was a corporate asset and that its value was subject to distribution in dissolution.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5702 [c]); and it is further,

Ordered that the order is affirmed, with costs to the respondent.

In the 1970s, Penny Siskin and Jay Siskin (hereinafter the Siskins), started a business designing, manufacturing, and selling high-quality jewelry. Penny Siskin, using her maiden name, Penny Preville, was the primary jewelry designer. In 1990, the Siskins incorporated the business under the name Penny Preville, Inc. (hereinafter the Corporation). The Siskins were its sole shareholders. In 1993 the petitioner, Leslie Greenberg, purchased 100 shares of unissued stock in the Corporation, which constituted 50% of the total shares, for a sum equal to the value of the Corporation's tangible assets, thus doubling the Corporation's issued stock and its net assets. At that time, the parties entered into a Shareholders' Agreement (hereinafter the Agreement).

The Corporation's profits grew significantly throughout the 1990s, as did dissension among the shareholders. In January 2000 the shareholders changed the Corporation's legal name to Leslie & Penny for Penny Preville, Inc., by unanimous written consent. By September 2001 the parties' conflict effectively prevented them from conducting the business of the Corporation, and the petitioner commenced this proceeding for judicial dissolution. The Siskins agreed to the dissolution and the appointment of a receiver, but maintained that they had the exclusive right to use the trade name "Penny Preville," and thus, to the value of the Corporation's goodwill associated therewith. Therefore, the Siskins claimed, the value of that part of the Corporation's goodwill was not distributable upon dissolution.

The Agreement states, in relevant part, that "[u]nder any basis or reason for termination or dissolution of the Corporation, regardless of fault, [the Siskins] shall have the exclusive rights to the continued use of the trade name 'Penny Preville.' " We agree with the Supreme Court that this clause only gives the Siskins the exclusive right to use the trade name "Penny Preville" upon dissolution. The Agreement does not explicitly give the Siskins the right to the value of the Corporation's goodwill associated with the trade name "Penny Preville," nor does it except such goodwill or the trade name from the Corporation's assets distributable upon dissolution. Furthermore, there is no evidence that the Siskins merely licensed the use of the trade name to the Corporation.

In adjudicating the rights of the parties under the Agreement, this Court may not read any additional provisions into that agreement (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; DelCasino v Koeppel, 207 AD2d 374 [1994]; cf. Dwyer v Nicholson, 193 AD2d 70, 75-76 [1993]). The Court, therefore, cannot accept the Siskins' invitation to read into the Agreement an additional provision giving them continued ownership of the trade name or of its associated goodwill. Thus, the Siskins are entitled only to the exclusive rights of continued use of the name "Penny Preville" upon dissolution, but the value of the Corporation's goodwill, including that associated with the trade name "Penny Preville," which both parties agree is a valuable asset, should be distributed along with its other assets upon dissolution (cf. Dawson v White & Case, 88 NY2d 666, 672 [1996]). Goldstein, J.P., Adams, Townes and Crane, JJ., concur.