■ In the Matter of OAK STREET MANAGEMENT, INC. MARLENE JACOBOWITZ et al., Appellants; ARTHUR F. CONCORS et al., Respondents. [762 NYS2d 522] —In a proceeding for the judicial dissolution of Oak Street Management, Inc., pursuant to Business Corporation Law § 1104, the petitioners appeal (1), by permission, from an order of the Supreme Court, Orange County (Owen, J.), dated November 16, 2001, which, sua sponte, appointed a referee to hear and report regarding the value of the corporation's properties and leasehold interests and the appropriate procedures following dissolution, and (2) from an order of the same court dated February 4, 2002, which denied their motion for reargument.

Ordered that the appeal from the order dated February 4, 2002, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 16, 2001, is reversed, on the law, and the matter is remitted to the Supreme Court, Orange County for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The Supreme Court erred in sua sponte appointing a referee to hear and report as to the value of the corporation's properties and leasehold interests and the appropriate procedures following dissolution. Postdissolution procedures in a judicial dissolution proceeding are set forth in Business Corporation Law §§ 1005 through 1008 (see Business Corporation Law § 1117) and do not include the appointment of a referee (see Matter of Sternberg, 181 AD2d 899 [1992]; cf. Matter of Vetco, Inc., 292 AD2d 391 [2002]). Absent an agreement between the parties to sell the shares of the corporation to each other or to an outside buyer, the only authorized disposition of corporate assets is liquidation at a public sale. Thus, no appraisal of the value of the corporation's assets was warranted in this case (see Matter of Sternberg, supra at 900; Matter of Ronan Paint Corp., 98 AD2d 413 [1984]; see also Matter of Duffy, 97 AD2d 694 [1983]). Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.