■ In the Matter of MARJORIE RAVITZ, Respondent, v GERARD FURST AND MARJORIE RAVITZ, DPM, P.C., Respondent, and GERARD FURST, Appellant. [885 NYS2d 318]—

In a proceeding pursuant to Business Corporation Law § 1104 for the judicial dissolution of a corporation, shareholder Gerard Furst appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered June 25, 2008, which denied his motion for postdissolution supervision by the Supreme Court in order to value the good will related to two offices when distributing the corporation's assets.

Ordered that the order is affirmed, with costs.

By order entered February 15, 2008, the Supreme Court granted a petition to dissolve a corporation known as Gerard Furst and Marjorie Ravitz, DPM, P.C. (hereinafter the corporation) pursuant to Business Corporation Law § 1104. Thereafter, the sole shareholders of the corporation, the petitioner, Marjorie Ravitz and the appellant Gerard Furst endeavored to wind up

the affairs of the corporation and distribute its assets pursuant to an agreement reached between them. Prior to dissolution, the corporation had operated three offices, located in Smithtown, Port Jefferson Station, and Commack. Following dissolution, the Commack office was to be closed. Ravitz was to take over the Smithtown office and Furst was to continue seeing patients at the Port Jefferson Station office. A disagreement arose with respect to whether the good will associated with the two remaining offices should be valued. Furst took the position that the good will should be valued, and that in the event of a disparity in the amount of good will assigned to each office, a monetary adjustment should be made to compensate the party who received the office with the lesser amount of good will. Ravitz contended that there should be no valuation of good will. Consequently, Furst moved for postdissolution supervision by the Supreme Court in order to value the good will associated with each office when distributing the assets to the shareholders pursuant to Business Corporation Law § 1005 (a) (3) (B). The Supreme Court denied Furst's motion. We affirm.

"Postdissolution procedures in a judicial dissolution proceeding are set forth in Business Corporation Law § 1005 through 1008 . . . and do not include the appointment of a referee" (*Matter of Oak St. Mgt.*, 307 AD2d 320 [2003]; *see Matter of Sternberg [Osman]*, 181 AD2d 899 [1992]). When the parties cannot reach an agreement amongst themselves with respect to the sale of the corporation's assets either to one another or to a third party, "the only authorized disposition of corporate assets is liquidation at a public sale" (*Matter of Oak Street Mgt.*, 307 AD2d at 320). Thus, the Supreme Court correctly determined that it did not have the authority to supervise postdissolution distribution of the corporation's assets as requested by Furst (*see Matter of Oak St. Mgt.*, 307 AD2d 320 [2003]; *Matter of Sternberg [Osman]*, 181 AD2d 899 [1992]).

The absence of an agreement by the parties to value and distribute good will in the event of dissolution precludes the inclusion of good will in the corporate assets to be distributed pursuant to Business Corporation Law § 1104. The failure of the parties to acknowledge and agree that good will is an asset of the corporation precludes the relief sought by Furst (*see Dawson v White & Case*, 88 NY2d 666, 671 [1996]; *Matter of Leslie & Penny for Penny Preville*, 303 AD2d 508 [2003]; *Saltzstein v Payne, Wood & Littlejohn*, 292 AD2d 585 [2002]; *Kaplan v Schachter & Co.*, 261 AD2d 440 [1999]). Prudenti, P.J., Miller, Covello and Austin, JJ., concur.