In the Matter of CALABRESE BAKERIES, INC., et al., Appellants, v ROCKLAND BAKERY, INC., Respondent. [923 NYS2d 556]—

In a proceeding, in effect, inter alia, pursuant to Business Corporation Law §§ 1008 and 1117 (a) to suspend or annul the judicial dissolution of B.M. Baking Company, Inc., pursuant to a judgment of the Supreme Court, Rockland County (Smith, J.), dated December 15, 2005, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the same court (Nelson, J.), dated August 10, 2009, as denied those branches of their petition which were to suspend or annul the judicial dissolution of B.M. Baking Company, Inc., and dismissed the proceeding without prejudice.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In a proceeding commenced by the respondent, Rockland Bakery, Inc., the Supreme Court rendered a judgment dated December 15, 2005, on default, dissolving B.M. Baking Company, Inc. (hereinafter B.M. Baking), pursuant to Business Corporation Law § 1104 (*see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 84 AD3d 1080 [2011] [decided herewith]). On September 25, 2008, the appellants, B.M. Baking, Calabrese Bakeries, Inc. (hereinafter Calabrese), a 50% shareholder of B.M. Baking, and Rose Melino and Lucinda Melino, who are shareholders of Calabrese, commenced this separate proceeding in Supreme Court, Columbia County, to suspend or annul the judicial dissolution. The appellants alleged, among other things, that the financial affairs of B.M. Baking had not been properly determined and that the judgment dissolving B.M. Baking was

improperly entered because venue was improper, and the appellants and other interested persons did not receive adequate notice of the proceeding. The Supreme Court, Columbia County, transferred this proceeding to the Supreme Court, Rockland County, which, in the order and judgment appealed from, inter alia, dismissed the petition without prejudice to the appellants seeking relief in the original judicial dissolution proceeding. We affirm the order and judgment insofar as appealed from.

A motion for relief from a default judgment must be brought in the original action or proceeding. A plenary action or proceeding for such relief will not lie (*see James v Shave*, 62 NY2d 712, 714 [1984]; *Babu v 29 Cortlandt St. Realty Corp.*, 289 AD2d 273 [2001]; *New York Sign & Supply-Impressive Prods. v Delong Realty Co.*, 282 AD2d 510 [2001]; *Levine v Berlin*, 46 AD2d 902 [1974]). There are virtually no exceptions to this well-established rule (*see Oppenheimer v Westcott*, 47 NY2d 595, 602-603 [1979] [the court assumed, without deciding, that an independent action by an interested nonparty might be viable on grounds that the judgment was procured by fraud]; *see generally* 10-5015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 5015.13). Accordingly, to the extent that the petition herein is, in effect, an application for relief from B.M. Baking's default by vacating the judgment dated December 15, 2005, the appellants were required to make that application in the original judicial dissolution proceeding. Subsequent to the order appealed from, the appellants did move to vacate the default judgment in the judicial dissolution proceeding, and their appeal from the denial of that motion is determined in the companion case (*see Matter of Rockland Bakery, Inc., v B.M. Baking Co., Inc.*, 83 AD3d 1080 [2011] [decided herewith]).

Moreover, to the extent that the petition herein, in effect, seeks to "suspend or annul" the dissolution pursuant to Business Corporation Law § 1008, the Supreme Court properly directed the appellants to make that application in the original judicial dissolution proceeding. Business Corporation Law § 1008, which is contained within article 10 of the Business Corporation Law governing nonjudicial dissolutions, is made applicable to judicial dissolution proceedings through Business Corporation Law § 1117 (a), a section within article 11 of the Business Corporation Law governing judicial dissolutions. In the context of judicial dissolutions, this Court has noted that Business Corporation Law §§ 1005 through 1008 contain the "[p]ostdissolution procedures in a judicial dissolution proceeding" (*Matter of Ravitz v Gerard Furst & Marjorie Ravitz, DPM, P.C.*, 65 AD3d 1049, 1050 [2009] [internal quotation marks omit-

ted]). Those postdissolution procedures, therefore, are routinely applied in the original dissolution proceeding (*id.*; *see Matter of Oak St. Mgt.*, 307 AD2d 320 [2003]; *Matter of Sternberg [Osman]*, 181 AD2d 899 [1992]). This outcome is consistent with Business Corporation Law § 1117 (b), which provides that, where a corporation is dissolved pursuant to judicial dissolution under article 11, "the court may retain jurisdiction for the purpose of making [orders pursuant to Section 1008] after the dissolution, in such action or special proceeding." While Section 1117 (b) also gives the court discretion to "make such orders in separate special proceedings, as provided in section 1008," where, as here, the success of the appellants' application to suspend or annul the judicial dissolution is largely dependent upon their application for relief from a default judgment, the Supreme Court providently determined that the application would be appropriately made in the original proceeding, rather than in an independent or collateral proceeding.

Accordingly, the Supreme Court properly dismissed the instant proceeding without prejudice to the appellants' right to seek appropriate relief in the original dissolution proceeding pursuant to Business Corporation Law § 1008, CPLR 317, or CPLR 5015. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.