In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to rescind and annul the sale of certain real property sold pursuant to a judgment of foreclosure and sale dated September 20, 2010, and entered, upon default, in a related in rem tax lien foreclosure proceeding entitled In the Matter of Foreclosure of Tax Liens Pursuant to Chapter 783 of the Laws of 1974 and Article Eleven, Title Three of the Real Property Tax Law, by the City of Mount Vernon, New York—List of Delinquent Taxes as of November 17, 2009, Consisting of One Volume, commenced in the Supreme Court, Westchester County, under index No. 27155/09, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Walker, J.), entered July 7, 2011, as, in effect, denied the petition on the merits and dismissed the proceeding.
Ordered that the order and judgment is modified, on the law, by deleting the provision thereof, in effect, denying the petition on the merits, and substituting therefor a provision dismissing the petition without prejudice to the petitioners seeking appropriate relief in the related in rem tax lien foreclosure proceeding if they be so advised; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the respondents.
The petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to rescind and annul the sale of certain real property sold pursuant to a judgment of foreclosure and sale dated September 20, 2010, and entered, upon default, in a related in rem tax lien foreclosure proceeding entitled In the Matter of Foreclosure of Tax Liens Pursuant to Chapter 783 of the Laws of 1974 and Article Eleven, Title Three of the Real Property Tax Law, by the City of Mount Vernon, New York—List of Delinquent Taxes as of November 17, 2009, Consisting of One Volume, commenced in the Supreme Court, Westchester County, under index No. 27155/09 (hereinafter the judgment). This relief should have been pursued by way of a motion to vacate the judgment, insofar as it affected the petitioners, pursuant to CPLR 317 or CPLR 5015 (a) in the in rem tax lien foreclosure proceeding (see Egloff v Town of Lewisboro, 89 AD3d 792, 793 [2011]; Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d 1060, 1061 [2011]; Bobu v 29 Cortlandt St. Realty Corp., 289 AD2d 273 [2001]). Since *698 the petitioners have improperly sought to collaterally attack the judgment by way of this proceeding pursuant to CPLR article 78, the Supreme Court should have dismissed the petition without making a determination of the petition on the merits (see CPLR 7804 [g]; Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d at 1061; cf Matter of Leone v Board of Assessors, 100 AD3d 635 [2012]).
In light of the foregoing, we need not reach the parties’ remaining contentions. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.