■ In the Matter of LIMITONE ENTERPRISES, INC., et al., Appellants, v MAUREEN WALKER, Respondent. [32 NYS3d 580]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent to rescind and annul the sale of certain real property sold pursuant to a judgment of foreclosure and sale dated September 20, 2010, and entered, upon default, in a related in rem tax lien foreclosure proceeding commenced in the Supreme Court, Westchester County, under index No. 27155/09, the petitioners appeal from an order of the Supreme

Court, Westchester County (Walker, J.), entered December 20, 2013, which denied their motion to vacate the judgment of foreclosure and sale pursuant CPLR 317 and 5015 (a).

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the respondent to rescind and annul the sale of certain real property sold pursuant to a judgment of foreclosure and sale dated September 20, 2010, and entered, upon default, in a related in rem tax lien foreclosure proceeding entitled *In the Matter of Foreclosure of Tax Liens Pursuant to Ch. 783 of the Laws of 1974 and Art. Eleven, Tit. Three of the Real Property Tax Law, by the City of Mount Vernon, New York—List of Delinquent Taxes as of November 17, 2009, Consisting of One Volume*, commenced in the Supreme Court, Westchester County, under index No. 27155/09 (hereinafter the default judgment). Thereafter, they moved to vacate the default judgment pursuant to CPLR 317 and 5015 (a). In the order appealed from, the Supreme Court denied the motion, and the petitioners appeal. We affirm, albeit on grounds different than those relied upon by the Supreme Court.

The procedure for relief from a default judgment generally is described in CPLR 317 and 5015 (a), and, specifically with regard to in rem tax lien foreclosure proceedings pursuant to article 11 of the Real Property Tax Law, in RPTL 1131. All of these provisions require the making of a motion for relief in the original action (*see Matter of Limitone Enters., Inc. v Walker*, 102 AD3d 697, 697-698 [2013]; *Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc.*, 83 AD3d 1060, 1061 [2011] ["(a) motion for relief from a default judgment must be brought in the original action or proceeding"]; *see also James v Shave*, 62 NY2d 712, 714 [1984]; *Babu v 29 Cortlandt St. Realty Corp.*, 289 AD2d 273 [2001]; *New York Sign & Supply-Impressive Prods. v Delong Realty Co.*, 282 AD2d 510 [2001]; *Levine v Berlin*, 46 AD2d 902 [1974]). Indeed, we note that, in a prior appeal in this proceeding, we specifically directed that the relief the petitioners sought should have been pursued by way of a motion to vacate the judgment pursuant to CPLR 317 and 5015 (a) in the in rem tax lien foreclosure proceeding (*see Matter of Limitone Enters., Inc. v Walker*, 102 AD3d at 697).

Here, despite our specific directive, the petitioners did not

move to vacate the default judgment by seeking such relief in the in rem tax lien foreclosure proceeding. Rather, the petitioners have improperly sought once again to collaterally attack the default judgment by way of this proceeding pursuant to CPLR article 78 and the motion to vacate filed therein. The respondent specifically raised this issue before the Supreme Court, citing to our prior order in this proceeding. While the Supreme Court properly denied the petitioners' motion to vacate the default judgment, it should not have been for the reasons stated in the order appealed from. Accordingly, we affirm the denial of the motion on the ground that the petitioners failed to make their motion for relief from the default judgment in the original action or proceeding, as required (*see id.* at 697-698; *Egloff v Town of Lewisboro*, 89 AD3d 792 [2011]). Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.