Keis v Margiotta (2019 NY Slip Op 05652)





Keis v Margiotta


2019 NY Slip Op 05652


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-03053
 (Index No. 614230/17)

[*1]Ariel Keis, etc., appellant,
v
Paul J. Margiotta, etc., respondent.


Ariel Keis, Patchogue, NY, appellant pro se.
Dennis M. Brown, County Attorney, Hauppauge, NY (Daniel E. Furshpan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to vacate a judgment of the Suffolk County Traffic and Parking Violations Agency filed July 27, 2016, imposing a fine against the plaintiff upon his default in answering various traffic infraction charges, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 9, 2018. The order denied the plaintiff's motion, among other things, to vacate the judgment and granted the defendant's cross application, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the defendant's cross application, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted; and it is further,
ORDERED that the order is affirmed, with costs.
The plaintiff was charged by simplified information with operating an unregistered motor vehicle in violation of Vehicle and Traffic Law § 401(1) and operating an uninspected motor vehicle in violation of Vehicle and Traffic Law § 306(b). Upon the plaintiff's failure to answer or appear in connection with the charges, the Suffolk County Traffic and Parking Violations Agency convicted him of the charges, imposed fines, and filed a judgment against him pursuant to Vehicle and Traffic Law § 1806-a. The plaintiff commenced this action, inter alia, to vacate the judgment rendered upon his default, and subsequently moved for the same relief. The defendant made a cross application, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action (see Fried v Jacob Holding, Inc., 110 AD3d 56). The Supreme Court granted the cross application and denied the motion. The plaintiff appeals.
No plenary action lies to vacate a default judgment, and relief under CPLR 5015(a) must be sought by a motion in the court that rendered the challenged judgment (see CPLR 5015[a]; James v Shave, 62 NY2d 712, 714; Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d 1060, 1061; Babu v 29 Cortlandt St. Realty Corp., 289 AD2d 273; Levine v Berlin, 46 AD2d 902; Matter of Voccola v Shilling, 57 AD2d 931, affg 88 Misc 2d 103, 103 [Sup Ct, Kings County]; [*2]10 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 5015.15). In any event, the plaintiff's allegations failed to show any basis which would have entitled him to vacatur had he made the appropriate motion (see CPLR 5015[a]; Babu v 29 Cortlandt St. Realty Corp., 289 AD2d at 273-274).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion and grant the defendant's cross application to dismiss the complaint for failure to state a cause of action.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court