Matter of ANO, Inc. v Goldberg (2023 NY Slip Op 02508)

Matter of ANO, Inc. v Goldberg

2023 NY Slip Op 02508

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-08399
 (Index No. 601079/15)

[*1]In the Matter of ANO, Inc., etc., petitioner-respondent,
v
Oded Goldberg, et al., appellants, et al., respondents.

Ruskin Moscou Faltischek, P.C., Uniondale, NY (Douglas J. Good of counsel), for appellants.
Steven Cohn, P.C., Carle Place, NY (Steven Cohn, Susan E. Dantzig, and Peter Chatzinoff of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to Business Corporation Law § 1104 for the judicial dissolution of a closely held corporation, Oded Goldberg and Goldberg Commodities, Inc., appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated October 7, 2020. The order, insofar as appealed from, denied that branch of the motion of Oded Goldberg and Goldberg Commodities, Inc., which was to vacate a prior order of the same court dated July 9, 2020, which, inter alia, appointed a temporary receiver to conduct a sealed-bid private auction of the petitioner, ANO, Inc.
ORDERED that the order dated October 7, 2020, is reversed insofar as appealed from, on the law, with costs, that branch of the motion of Oded Goldberg and Goldberg Commodities, Inc., which was to vacate the order dated July 9, 2020, is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
Arieh Yemini is a 50% shareholder of the petitioner, a closely held corporation known as ANO, Inc. (hereinafter ANO). Goldberg Commodities, Inc. (hereinafter Goldberg Commodities), which is wholly owned by Oded Goldberg, also holds a 50% share in ANO. ANO's primary asset is its two-thirds ownership interest in a company known as Candlewood Holdings, Inc. Yemini, as a 50% shareholder, commenced this proceeding on behalf of ANO pursuant to Business Corporation Law § 1104 for the judicial dissolution of ANO. By decision and order dated December 12, 2018, this Court affirmed an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), which, inter alia, granted the petition for dissolution (see Matter of ANO, Inc. v Goldberg, 167 AD3d 731). Thereafter, Yemini and Goldberg endeavored to agree upon the terms of a private sale of ANO by means of a closed-bid auction. They ultimately were not able to agree on all of the terms, with the main point of contention being the disposition of a loan that was personally guaranteed by Yemini, in the event that Goldberg submitted the winning bid. Nonetheless, in an order dated July 9, 2020, the Supreme Court, inter alia, appointed a temporary receiver to conduct the sale of ANO by a sealed-bid private auction pursuant to the terms set forth in the order, which included the term specifically objected to by Goldberg. Goldberg and Goldberg Commodities moved, among other things, to vacate the July 9, 2020 order. The Supreme Court denied that branch of the motion and [*2]this appeal ensued.
"'Postdissolution procedures in a judicial dissolution proceeding are set forth in Business Corporation Law § 1005 through 1008'" (Matter of Ravitz v Gerard Furst & Marjorie Ravitz, DPM, P.C., 65 AD3d 1049, 1050, quoting Matter of Oak St. Mgt., 307 AD2d 320, 320; see Matter of Sternberg [Osman], 181 AD2d 899). Business Corporation Law § 1005(a)(2) states that after dissolution "[t]he corporation shall proceed to wind up its affairs, with power to fulfill or discharge its contracts, collect its assets, sell its assets for cash at public or private sale, discharge or pay its liabilities, and do all other acts appropriate to liquidate its business." "When the parties cannot reach an agreement amongst themselves with respect to the sale of the corporation's assets either to one another or to a third party, 'the only authorized disposition of corporate assets is liquidation at a public sale'" (Matter of Ravitz v Gerard Furst & Marjorie Ravitz, DPM, P.C., 65 AD3d at 1050, quoting Matter of Oak St. Mgt., 307 AD2d at 320; see Matter of Sternberg [Osman], 181 AD2d at 900). Thus, since the parties were not able to reach a full agreement as to the terms of the private sale, the Supreme Court did not have the authority to authorize the sealed-bid auction (see Matter of Ravitz v Gerard Furst & Marjorie Ravitz, DPM, P.C., 65 AD3d at 1050). Accordingly, the court should have granted that branch of the motion of Goldberg and Goldberg Commodities which was to vacate the order dated July 9, 2020, and we remit the matter to the Supreme Court, Nassau County, for further proceedings consistent herewith.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court